Roberts v. State.

from September 4, 1920, and to dismiss the cross-petition of defendants.

REVERSED.

### JOY ROBERTS V. STATE OF NEBRASKA.

FILED SEPTEMBER 22, 1923. No. 23140.

1. **Criminal Law:** INSTRUCTIONS: BURDEN OF PROOF OF DEFENSE. When on the trial of one charged with the violation of section 9829, Comp. St. 1922, the state has proved beyond a reasonable doubt that at the time and place charged in the information defendant carried a weapon concealed upon his person, and defendant relies upon the proviso contained in that section for his defense, it is not error for the court to instruct the jury that as to that issue the burden of proof is on the defendant, when by other instructions the jury are correctly informed as to the burden of proof on the general issue.

2. ———: INQUIRIES BEFORE SENTENCE. Errors cannot be predicted upon inquiries made by the trial court of one convicted of a violation of section 9829, Comp. St. 1922, before imposing sentence, nor is it error to set out in the record the substance of the inquiry.

3. ———: SENTENCE. Record examined, and *held* that the sentence imposed is not so excessive as to require a reduction by this court.

ERROR to the district court for Kearney county: WILLIAM A. DILWORTH, JUDGE. *Affirmed.*

*King & Bracken,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *C. L. Dort, contra.*

Heard before MORRISSEY, C. J., DEAN, ALDRICH and DAY, JJ., COLBY and REDICK, District Judges.

MORRISSEY, C. J.

Defendant was convicted of carrying concealed weapons and sentenced to serve a term of not less than one nor more than two years in the penitentiary.

It may be said that it is conceded that defendant at the time charged was carrying a revolver concealed upon his person. The defense relied upon is that proviso of the statute (Comp. St. 1922, sec. 9829) which reads as follows:

"If it shall be proved from the testimony on the trial,

or at a preliminary hearing of such case that the accused was, at the time of carrying any weapon or weapons as aforesaid, engaged in any lawful business, calling or employment and the circumstances in which such person was placed at the time aforesaid was such as to justify a prudent person in carrying the weapon or weapons aforesaid, for the defense of his person, property or family, the accused shall be acquitted or discharged."

Defendant requested the court to instruct the jury that, if they found that defendant was carrying the revolver "as a matter of precaution for his own safety, or if he had reason to believe that it would be prudent to take it from the automobile to avoid the likelihood of its being stolen," he would be justified in so doing.

Defendant further requested the court to instruct the jury: "That if you find from all the evidence that the defendant had good reason to believe and did believe that some person or persons had made threats of violence against his person, and that he had good reason to believe and did believe that such threats were likely to be, or might be, carried out at the time and place that the crime was committed as charged in the information, then you are instructed to find defendant not guilty."

These instructions were refused, and the court on its own motion by instruction No. 5 set out the proviso of the statute which defendant relied upon as a defense, and told the jury that, if the state had proved its case beyond a reasonable doubt, then the burden was on defendant to show that he came within the proviso. "If he does so, then you should find the defendant not guilty. The burden of so establishing this fact is upon him."

Error is assigned because of the court's refusal to give the requested instructions, and also, and perhaps with greater emphasis, is urged the giving of instruction No. 5, and especially its concluding sentence. The general rule is that the burden is on the state to establish the guilt of the accused, that is, to prove every fact and circumstance which is essential to the guilt of the accused,

Roberts v. State.

or, as frequently stated, to prove every essential element of the crime charged, and to prove each item as though the whole issue rested on it, except in so far as a statute establishes a different rule. Stated in another way, the rule is that the law does not cast on accused the burden of satisfying the jury of his innocence. But it must be borne in mind that the statute on which this prosecution rests does not take into account the intent with which the act is done. It denounces the carrying of a concealed weapon. The undisputed evidence brought the defendant within the terms of the statute, but by the proviso relied upon defendant was free to purge himself of the guilt established by the state's evidence. In such a situation the general rule does not apply.

"While there has been some little confusion in the cases as to whether the burden of proof is ever on the defendant in a criminal prosecution, it is generally true that this is not the case. Indeed, it is stated as a maxim that the burden of proof never shifts from the prosecution to the defense. This, however, means only that it never shifts in so far as it is necessary to make out the specific crime charged in the indictment, by establishing the *corpus delicti* and the constituent elements of the crime. When distinct, substantive matter is relied upon by the defendant to exempt him from punishment and absolve him from liability, which is foreign to the issue as made by the state in the charge against him, the burden of proving it properly should be upon the defendant. As to such a fact he presents a subordinate issue upon which he goes forward with his evidence and the state rebuts. Thus where, in the trial of an indictment for robbery, it is proved beyond a reasonable doubt that the defendant was present at the time and place of the crime and participated in the acts which constitute the robbery, and the defendant for his defense interposes a plea of duress, the burden is not on the state to disprove such plea, but is on the defendant to main-

tain his plea by a preponderance of the evidence." 8 R. C. L. 171, sec. 164.

By instruction No. 6 the court told the jury that, if they found that defendant was engaged in any lawful business, calling or employment, and that the circumstances in which he was placed at the time the weapon was found upon him were such as to justify a prudent person in carrying a weapon for the defense of his person, property or family, they should find the defendant not guilty. This instruction gave defendant the benefit of the proviso, and from a consideration of the entire charge it is clear that the jury were fully advised of defendant's rights under the statute. It is clear that the court was not guilty of prejudicial error either in refusing to give the instructions requested or in giving the instruction criticised.

We are urged to hold that the sentence imposed is excessive. And in connection with this assignment complaint is made because the record sets out the questions propounded by the court to defendant before imposing sentence, together with defendant's answers thereto. We fail to see how defendant can be prejudiced by a correct recital of what occurred in the court at the time sentence was pronounced. The statute (Comp. St. 1922, sec. 10173) made it the duty of the court to inquire into defendant's general conduct, and error cannot be predicated upon the inquiries made.

From a consideration of all the record, we find no prejudicial error, nor does the sentence imposed appear to be so severe as to require a reduction by this court, and the judgment is

AFFIRMED.