JAYCE BANKS, ALIAS JAYCE BANKER, v. STATE OF NEBRASKA.

FILED NOVEMBER 18, 1925.    No. 24109.

1. **Homicide:** REVIEW. In this, a conviction of manslaughter, the record has been examined, and *held* free from error.

2. ———: SENTENCE. The court, under the authority of section 10186, Comp. St. 1922, imposes a sentence on defendant of five

years confinement in the penitentiary on the same terms and conditions as fixed in the sentence pronounced by the district court, the term to run from the date that judgment was pronounced.

ERROR to the district court for Douglas county: JAMES M. FITZGERALD, JUDGE. *Affirmed.*

*Jamieson, O'Sullivan & Southard, McKenzie, Lower & Sheehan,* and *Andrew P. Moran,* for plaintiff in error.

*O. S. Spillman,* Attorney General, and *Harry Silverman,* contra.

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

MORRISSEY, C. J.

Defendant Jayce Banks, alias Banker, prosecutes error from a judgment of the district court for Douglas county wherein he was sentenced to serve a term of years in the penitentiary on a conviction of manslaughter. He is one of the parties jointly charged with William Ernest Welter and James Griffin in connection with the death of Henry McArdle (*Welter v. State, ante,* p. 28). The facts are stated in that opinion.

Each defendant demanded and was given a separate trial. In each case the defendant was convicted of manslaughter.

In the instant case the evidence is substantially the same as the evidence in the case of *Welter v. State, supra,* and with some minor exceptions the errors assigned and questions presented to us for review are the same as are found in that case. Having reached the same conclusion in this case as in that, it is unnecessary to discuss the assignments of error.

We find no error in the record requiring a reversal of the judgment entered, but we have been asked to render sentence under section 10186, Comp. St. 1922, and we accordingly fix the term of penal servitude at five years in the state penitentiary on the same terms and conditions as

fixed in the judgment of the district court, the term to run from the date of that judgment. With the term thus fixed, the judgment is

AFFIRMED.