WINFRED H. MOORE v. STATE OF NEBRASKA.

FILED NOVEMBER 24, 1933. No. 28924.

*G. W. Irwin,* for plaintiff in error.

*Paul F. Good, Attorney General,* and *William H. Wright, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and CHAP-
PELL and LANDIS, District Judges.

GOOD, J.

From an order of the district court revoking a former
conditional order directing suspension of a jail sentence
imposed upon Winfred H. Moore, for a violation of the
liquor law, Moore, hereinafter called defendant, prosecutes
error.

October 12, 1931, defendant pleaded guilty to an infor-
mation charging him with a violation of the state liquor
law. The court sentenced defendant to pay a fine of $100
and costs and to imprisonment in the county jail for 90
days, and entered a further order directing that the jail
sentence be suspended on condition that the fine and costs
be paid at once, and that defendant should be law-abiding
and of good behavior for a period of two years.

It appears from the record that in April, 1933, the
premises where defendant resides were visited by the
sheriff with a search warrant, and that, on search of the
premises, 75 gallons of alcohol, 25 gallons of whisky, and
other intoxicating liquors were found. Thereupon, com-
plaint was filed against defendant, charging him with
another violation of the liquor law, and the county at-
torney then made application to vacate the order sus-
pending the jail sentence, entered October 12, 1931. Upon
hearing, the court entered an order vacating the former
order suspending the jail sentence.

Defendant contends that the court was without power
to vacate the former order without the filing of a verified
information, and that the evidence is insufficient to show
that defendant had violated the conditions of the order of
suspension.

The view taken of the situation presented by the record
renders it unnecessary to consider the contentions made
by defendant, but it is deemed proper to call attention to
the case of *Sellers v. State*, 105 Neb. 748, wherein it was
held: "In a proceeding to vacate a parole granted by

the district court, the correct practice requires a verified information stating specifically the conduct constituting a violation of probationary conditions, but a proceeding by motion, stating that defendant violated his parole, may be sustained, if defendant had timely notice of a hearing, the assistance of counsel, the testimony of witnesses, and a fair and impartial trial."

The only statute authorizing district courts to place a defendant in a criminal proceeding upon probation is found in sections 29-2214 and 29-2215, Comp. St. 1929.

Section 29-2214 provides: "In case the said judge should find from the age of the accused, his former course in life, disposition, habits and inclinations, or that the offense of which he is found guilty is his first offense, and that from all the information obtainable the judge should be of the opinion that the accused would refrain from engaging in, or committing further criminal acts in the future, the court may, in its discretion, enter an order, *without pronouncing sentence,* suspending further proceedings and placing the accused on probation under the charge and supervision of a probation officer, or other suitable person." (Italics ours)

Section 29-2215, Comp. St. 1929, provides: "When any court suspends sentence and places a defendant on probation it shall determine the conditions and period of probation, which period shall not exceed, in the case of any defendant convicted of an offense less than a felony, two years. * * * The conditions of probation shall be such as the court shall in its discretion prescribe, and it may include among other conditions any or several of the following: That the probationer * * * shall pay in one or several sums a fine imposed at the time of being placed on probation. * * * The court * * * may, in case of violations of the probationary conditions, issue a warrant for the arrest of the probationer; and may at any time discharge the probationer; and in case of violation of the probationary conditions, the court may impose any penalty which it might have imposed before placing the defendant on probation."

We are convinced, from a careful analysis of the sections quoted above, that the district court is empowered to place on probation a defendant in a criminal proceeding only before pronouncing sentence. After sentence has been pronounced, the court is without further power in the premises except to grant a new trial or to suspend the sentence for the purpose of permitting review by an appellate court. The word "suspend" has many and divers meanings. Among the definitions are: To delay; to withhold. When we consider the whole of section 29-2215, Comp. St. 1929, it is clearly apparent that the word "suspend" is used in the sense of to delay or withhold. We are led to this view because, in the closing part of the section, it appears that upon a revocation of the probationary order the court may impose any sentence which it might have imposed prior to placing defendant on probation. The legislature had in mind that, upon a showing made, the court might place the defendant upon probation without passing sentence. If the court then passed sentence, it might give defendant a light or even a minimum sentence, but later, on a showing that the probationary order had been violated, it might be made to appear to the court that defendant was of vicious habits and criminal tendencies, and the court would then be empowered to impose any sentence which the law would have permitted in the first instance.

In the case of *Myers v. Fenton,* 121 Neb. 56, this court held: "A trial court is without power to set aside a sentence after the defendant has been committed thereunder and a portion thereof served, and impose a new or different sentence increasing the punishment, even at the same term at which the original sentence was imposed. A judgment which attempts so to do is void, and the original judgment remains in full force." A like holding was made in the case of *Hickman v. Fenton,* 120 Neb. 66.

Clearly, under this section, if sentence had been imposed before placing the defendant on probation, a greater sentence could not be imposed at a subsequent time for

the same offense. Yet, the statute provides that upon the revocation of the probationary order the court may impose any sentence that it had power to impose if no probation had been allowed. By giving to the word "suspend" the meaning above indicated, no inconsistency appears in the statute. It is true that the court is empowered to suspend the execution of a sentence pending review of the cause by proceedings in error, but that has no application to an attempt to suspend sentence for the purpose of placing defendant on probation.

Our attention is directed to subdivision "i" of section 29-2215, Comp. St. 1929, which provides for the payment in one or several sums of the fine imposed at the time defendant is placed on probation. We think it is evident that the fine here mentioned is not a fine for the violation of the statute for which defendant has been convicted, but it is a fine to be exacted as a condition to being placed on probation. If this is not the proper view, then we would have the situation that a defendant had partially performed the judgment against him in a criminal action and had paid a fine of some amount, and yet would be subject, on violation of the conditions of his probation, to any sentence which the court might, in the first instance, have imposed. Such action is not permissible. *Myers v. Fenton, supra.*

We think it is clear that the district court was without power to enter the order wherein it attempted to suspend the jail sentence imposed upon defendant, and that the order was without any legal efficacy whatever. That being the case, defendant may not now complain of the revocation of a void order.

We think the district court was right in vacating its void order, and it should, and probably did, order a *mittimus* to issue, directing that the jail sentence, imposed October 12, 1931, should be carried into effect.

JUDGMENT AFFIRMED.