CHARLES WRIGHT V. STATE OF NEBRASKA.

298 N. W. 685

FILED JUNE 6, 1941.  No. 31176.

*John M. Berger,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Clarence S. Beck, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

Defendant was convicted of the crime of leaving the scene of an accident contrary to section 39-1159, Comp. St. Supp. 1939, and sentenced to serve five years in the state penitentiary. From this conviction and sentence defendant brings the case to this court for review.

The record shows that on January 12, 1939, defendant was convicted for manslaughter in causing the death of one Norman Putman in an automobile accident, and of the further crime of leaving the scene of the accident contrary to the provisions of section 39-1159, Comp. St. Supp. 1939. Defendant was sentenced to the penitentiary for one year on the manslaughter charge and paroled for five years on the other. Defendant served the one-year sentence for

manslaughter. Thereafter he violated his parole and was brought before the court and sentenced to five years in the penitentiary.

Defendant contends that the two charges constitute but one offense and that one sentence only could be imposed therefor. Defendant's argument is untenable. The crime of manslaughter as defined by section 28-403, Comp. St. 1929, is a distinct offense from that of leaving the scene of an accident as defined by section 39-1159, Comp. St. Supp. 1939. Each requires different evidence to prove the offense, and a defendant might be guilty of either of the offenses charged without being guilty of the other. We think it is clear that defendant was convicted of two separate and distinct offenses for which two sentences could properly be imposed.

It is next contended that when defendant was sentenced for manslaughter he could not properly be paroled on the other charge. Our probation statute, section 29-2214, Comp. St. 1929, is not limited to first offenders, and we see no reason why the parole of the defendant on the second offense was not in all respects proper. But even if this were not so, the defendant would find himself subject to sentence on the original conviction. *Moore v. State,* 125 Neb. 565, 251 N. W. 117.

The record shows that on October 4, 1940, while defendant was still on probation, he drove his automobile into a parked car. The evidence showed that defendant was at the time in an intoxicated condition. For this offense defendant was charged in the municipal court with driving a motor vehicle while under the influence of intoxicating liquor and sentenced to serve 90 days in jail. Thereafter he was brought into district court as a parole violator, his parole was revoked and a sentence of five years in the penitentiary imposed. While this defendant has indicated a complete want of consideration of the rights of others by persisting in driving his automobile while under the influence of intoxicating liquor, we do not believe that the evidence warrants the imposition of so severe a penalty

as five years in the penitentiary. After a consideration of all the evidence we think the sentence should be reduced to two years. In all other respects the judgment of the trial court is correct.

AFFIRMED: SENTENCE REDUCED.