JOHN F. YOUNG, JR., PLAINTIFF IN ERROR, V. STATE OF
NEBRASKA, DEFENDANT IN ERROR.
51 N. W. 2d 326

Filed February 1, 1952.   No. 33114.

*Albert Pike II,* and *Perry & Perry,* for plaintiff in
error.

*Clarence S. Beck,* Attorney General, and *Clarence A.
H. Meyer,* for defendant in error.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAP-
PELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an appeal from a judgment finding that plaintiff in error had violated the conditions of an order of probation, vacating said order, and sentencing plaintiff in error to imprisonment in the reformatory for a period of not less than 18 months or more than 2 years. We affirm the judgment of the trial court.

Hereinafter the plaintiff in error will be referred to as the defendant.

The following statement is summarized from the transcript. On October 9, 1950, an information was filed in the district court charging the defendant with feloniously breaking and entering a motor vehicle with intent to steal property of value contained therein. On October 19, 1950, defendant appeared with counsel, was arraigned and pleaded guilty, and judgment of guilt was entered. A plea for probation was made and granted. The defendant was placed on probation for a period of two years under the supervision of the sheriff of Thayer County. One of the conditions of the order was that "The defendant shall not violate any federal, state or local laws whatsoever." The court further ordered that the suspension of the proceedings would be terminated by any violation of the terms of probation and that upon termination the court retained power to pronounce sentence. The defendant acknowledged in writing receipt of a copy of the order of probation, stating that he understood and promised to observe the conditions. On June 23, 1951, the county attorney, by information, charged that on June 6, 1951, defendant was found in an unlawful state of intoxication; that on June 7, 1951, in the county court of Thayer County, defendant was charged with unlawful intoxication, pleaded guilty, and was fined in the amount of $20 and costs; that the above described acts were a direct violation of the order of probation; and that the order should be revoked and the defendant sentenced on the charge contained in the original information. On June 25, 1951, a certified copy of the in-

formation was served on the defendant. On July 3, 1951, the defendant appeared with counsel, was arraigned on the information, stood mute, and a plea denying the truth of the charges was entered by the court and the cause was continued to July 12, 1951. On July 12, 1951, the matter came on for hearing, the defendant being represented by counsel. Evidence was taken and the cause submitted. The court found that the defendant had violated the order of probation as charged and that in its opinion the defendant would not refrain from engaging in and committing further criminal acts in the future. The court also found that the order of probation should be set aside and the suspension of proceedings terminated, and that sentence should be passed on the breaking and entering charge. The court vacated the order of probation. The defendant was asked if he had anything to say as to why sentence should not be entered and responded, and the court found that he showed no good cause. The court thereupon entered sentence as above stated and ordered commitment. On July 21, 1951, the defendant filed a motion for a new trial setting up substantially the grounds here assigned as error. On August 10, 1951, the motion was overruled.

Defendant brings the matter here by petition in error.

As to the violation of the order of probation, the State offered evidence at the hearing that complaint was made and that defendant was found in a state of intoxication at Byron just before midnight, June 6, 1951, and that he was arrested, taken to Hebron, and placed in jail. The State offered evidence as to the charge, plea of guilty, judgment, and fine. Defendant testified that he was 20 years of age at the time of the hearing; that he had attended a public dance on the evening in question, had drunk beer and liquor with some others, and, in effect, admitted that he was intoxicated. He further admitted the charge, the plea, the finding of guilt, the fine, and its payment.

The hearing was conducted without objections to wit-

nesses called or to questions asked by the State, the defendant, or the court. The answers given were not challenged.

The assignments here considered were presented to the trial court when the motion for a new trial was filed.

The first assignment of error is that the names of the witnesses for the State were not endorsed upon the information or upon the copy served on the defendant. This is based upon the provisions of section 29-1602, R. R. S. 1943, which provides: "All informations shall be filed in the court having jurisdiction of the offense specified therein, by the prosecuting attorney of the proper county as informant. He shall subscribe his name thereto and endorse thereon the names of the witnesses known to him at the time of filing the same; and at such time thereafter, as the court or a judge thereof in vacation, in its or his discretion, may prescribe, he shall endorse thereon the names of such other witnesses as shall then be known to him."

It does not appear that objection was made to the testimony of any witness for the State on this or any other ground. After the State had rested, the defendant offered in evidence the information charging the probation violation. It was received and then the defendant called the court's attention to the fact that the names of witnesses were not endorsed on the information. The court was not asked to do anything with reference to it. The objection was first raised in the motion for a new trial.

The defendant appears to rest his assignment on the premise that the statute applies to an information of the character here involved. The State resists this assignment on the grounds of waiver and no prejudicial error shown.

In Sellers v. State, 105 Neb. 748, 181 N. W. 862, the violation of a probationary condition was presented by motion to revoke. That procedure was challenged. We

held: "A formal information and an arraignment conforming to criminal procedure were unnecessary. On the motion charging that defendant violated the probationary conditions of his parole, he had timely notice of a hearing, the assistance of counsel, the testimony of witnesses, and a fair and impartial trial. * * * While the proper practice requires a verified information stating specifically the conduct constituting a violation of probationary conditions, the course pursued in this case did not deprive defendant of any right protected by law." See, also, Moore v. State, 125 Neb. 565, 251 N. W. 117; Moyer v. State, 144 Neb. 673, 14 N. W. 2d 220; Carr v. State, 152 Neb. 248, 40 N. W. 2d 677.

Obviously, if a matter of this kind may be raised by motion without depriving a defendant of any rights protected by law, it of necessity follows that compliance with section 29-1602, R. R. S. 1943, is not mandatory as to an information charging a probation violation and the failure to endorse names of witnesses thereon is not error.

The second and third assignments are that the court erred in allowing proof of offenses other than that of the intoxication of June 6, 1951, and in revoking the suspension of sentence for conduct of defendant prior to the time of the suspension of the sentence.

The defendant relies on the provision of section 29-2219, R. R. S. 1943, that "* * * in case of violation of the probationary conditions, the court may impose any penalty which it might have imposed before placing the defendant on probation" and our holding in Moyer v. State, supra, that "* * * after the court has, within its discretion, granted probation such probation may not be revoked except upon a proper charge and probative evidence of violation."

These assignments are directed to the fact that the trial court inquired into the matter of three misdemeanors committed by the defendant prior to the offense committed in October 1950. Before the evidence

here involved was received, the State had offered evidence of the probation violation. The record shows that the defendant on cross-examination of the sheriff inquired as to these earlier offenses. The State then on direct examination inquired of the county judge as to these matters. The defendant then inquired on cross-examination as to dates. The court inquired into some of the details of the misdemeanors. All this was done without objection from anyone. The State meets these assignments with the contention that error, if any, was waived.

Section 29-2217, R. R. S. 1943, provides that in cases of criminal prosecution (with exceptions not here involved), where there is a finding or a plea of guilty, it shall be the duty of the court to ascertain if practicable the age of the accused, whether a first offense, the extent of moral turpitude involved, "and such other facts and circumstances relating to the accused as he may desire to know." In Roberts v. State, 110 Neb. 759, 195 N. W. 114, we held that what is now section 29-2217, R. R. S. 1943, made it the duty of the court to inquire into defendant's general conduct.

Section 29-2218, R. R. S. 1943, provides: "In case such judge, considering the age of the accused, his former course of life, disposition, habits and inclinations, or the fact that the offense of which he is found guilty is his first offense, or any other obtainable information, should be of the opinion that the accused would refrain from engaging in, or committing further criminal acts in the future, the court may, in its discretion, enter an order, without pronouncing sentence, suspending further proceedings and placing the accused on probation under the charge and supervision of a probation officer, or other suitable person."

It being the duty of the court to inquire into such matters initially, we hold it is entirely proper for the court, where probation violation is established, to inquire into the matters covered by sections 29-2217 and

29-2218, R. R. S. 1943, in determining whether or not the probation order should be vacated and the penalty of the law imposed.

The next two assignments are that the court erred in pronouncing sentence before defendant's motion for a new trial was filed and determined, and before the statutory time for filing had expired. In Stapleman v. State, 150 Neb. 460, 34 N. W. 2d 907, we held: "It is not reversible error, in the absence of a showing that the defendant was prejudiced thereby, to sentence a defendant after verdict and before the motion for a new trial has been overruled." We see no reason for a different rule where sentence is pronounced before the motion is filed. Prejudice is not shown. In fact, the procedure followed enabled the defendant to present to the trial court the contention that the sentence was excessive. Section 29-2201, R. R. S. 1943, provides: "Before the sentence is pronounced, the defendant must be informed by the court of the verdict of the jury, and asked whether he has anything to say why judgment should not be passed against him." Section 29-2202, R. R. S. 1943, provides: "If the defendant has nothing to say, or if he shows no good and sufficient cause why judgment should not be pronounced, the court shall proceed to pronounce judgment as provided by law." The journal entry here shows that the question was asked, and that defendant responded but showed no good cause. The court proceeded to pronounce judgment as provided by law. The statutes do not require that the court defer judgment until the statutory time for filing a motion for new trial has expired. We find no merit in these assignments.

The defendant's next three assignments of error go to the sufficiency of the evidence to show a violation of the parole and to warrant a revocation of the parole.

The evidence of the State shows, and defendant admits, the one violation of the terms of the probation order. It is contended that that was not willful and not legally sufficient to sustain the trial court's action. It should

also be said that inquiry was made at the hearing as to compliance with the other conditions of the probation order and noncompliance was not shown.

Defendant relies upon the rule first stated in Sellers v. State, *supra,* and quoted with approval in Moyer v. State, *supra,* and Carr v. State, *supra,* that "* * * any probative evidence showing a violation of probationary conditions by conduct sufficient to convince the district court that defendant will not refrain from criminal acts in the future without punishment will sustain the revocation of a parole." The net of defendant's contention is that the court in determining these matters cannot consider "probative evidence" of conduct prior to the entry of the probation order.

In the three cases above cited the evidence had to do with events occurring subsequent to the order of probation. Here the evidence as to intoxication relates to a matter subsequent, the other evidence is to matters prior, to the order of probation.

Rightly construed, the rule requires the trial court to determine two things. First—is there probative evidence "showing a violation of probationary conditions"? If not, then that disposes of the matter as we held in Moyer v. State, *supra.* See Wright v. State, 139 Neb. 684, 298 N. W. 685, where violation of a parole was established and we held: "After a violation of a parole, the defendant may be brought before the court and, after the violation be established, the court may impose any penalty which might have been imposed before placing the defendant on probation."

If there is a finding of a violation of the probationary order, then the second question arises—is there probative evidence "sufficient to convince the district court that defendant will not refrain from criminal acts in the future"? As the opinion in Sellers v. State, *supra,* clearly shows, this language relates to what is now section 29-2218, R. R. S. 1943, which provides that if the judge "should be of the opinion that the accused would

refrain from engaging in, or committing further criminal acts in the future," the court may place the accused on probation. By the statute it is a matter for the trial court's "discretion." In determining it initially, the trial court has broad powers of inquiry as to "facts," "circumstances," and "other obtainable information," as set out in sections 29-2217 and 29-2218, R. R. S. 1943. As to this, the second question, the court is confronted at that stage of the proceedings with the question, shall probation be continued? In determining that question the court has as broad powers as to probative evidence which is to be considered as it has in determining whether or not to exercise the power of probation in the first instance.

Accordingly we hold that where the violation of a probation order is established or admitted, in determining whether or not to set aside the probationary order and to impose the penalty which it might have imposed before placing the defendant on probation, the trial court is not limited to a consideration of probative evidence of matters arising subsequent to the order of probation. An abuse of discretion is not shown. We find no merit in these assignments.

Finally, the defendant contends that the sentence pronounced is excessive. Defendant invokes the provision of section 29-2308, R. R. S. 1943, that "In all criminal cases that now are, or may hereafter be pending in the Supreme Court on error, the court may reduce the sentence rendered by the district court against the accused, when in its opinion the sentence is excessive, and it shall be the duty of the Supreme Court to render such sentence against the accused as in its opinion may be warranted by the evidence."

The rule is: "Where the punishment of an offense created by statute is left to the discretion of a court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed unless there appears to be an abuse of such discretion."

Bright v. State, 125 Neb. 817, 252 N. W. 386. See, also, Carr v. State, *supra,* and Kirkendall v. State, 152 Neb. 691, 42 N. W. 2d 374.

There is no showing in this record of any of the facts or circumstances connected with the offense charged in October 1950. Consequently, as we said in Carr v. State, *supra*: "There is an absence of anything in the record of this case to suggest or support a conclusion of abuse of discretion by the court in fixing the punishment of defendant."

The judgment is affirmed.

AFFIRMED.