STATE OF NEBRASKA, APPELLEE, v. JERRY OHLER, APPELLANT.
129 N. W. 2d 116
Filed June 19, 1964. No. 35716.

John McArthur and W. G. Whitford, for appellant.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

The defendant was convicted of stealing cash of less value than $100 from the Farmers Union Cooperative Gas and Oil Company of St. Edward, Nebraska, the same being a second or subsequent offense, contrary to the provisions of section 28-512, R. R. S. 1943. Defendant was sentenced to the Nebraska Penal and Correctional Complex for a term of 18 months. He appealed.

Defendant's only assignment of error is that the sentence is excessive. Section 28-512, R. R. S. 1943, provides a penalty of imprisonment in the penitentiary from 1 to 2 years for a second or any subsequent offense of petit larceny. The sentence imposed is within the minimum and maximum limits of the punishment prescribed by the Legislature. This court has often said that such a sentence is within the discretion of the trial court with which this court will not interfere in the absence of a showing of an abuse of such discretion. Young v. State, 155 Neb. 261, 51 N. W. 2d 326.

This court is authorized by section 29-2308, R. R. S. 1943, when in its opinion such sentence is excessive, to

reduce the sentence imposed by the trial court in a criminal case. In this case we have no bill of exceptions nor is any showing made that the trial court abused its discretion. The record discloses no extenuating circumstances of any kind.

The case is controlled by the following rule: "Where the punishment of an offense created by statute is left to the discretion of a court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed unless there appears to be an abuse of such discretion." Young v. State, *supra*.

Since there is nothing in the record indicating an abuse of discretion on the part of the trial court in imposing the sentence that it did, the judgment of the trial court must be affirmed.

AFFIRMED.