STATE OF NEBRASKA, APPELLEE, v. EDWARD KOZIOL, APPELLANT.

130 N. W. 2d 557

Filed October 9, 1964. No. 35731.

Kelly & Kelly, for appellant.

Clarence A. H. Meyer, Attorney General, and Richard H. Williams, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

Defendant was charged in the district court for Nance County with unlawfully and willfully operating a motor vehicle upon the highways in said county while under the influence of alcoholic liquor. Defendant entered a plea of guilty and he was thereupon sentenced to serve 30 days in the county jail of Nance County and to pay a fine of $100 and costs. It was also ordered that the operator's license of defendant be revoked for a period of 6 months from the date of his release from the county jail. The only assignment of error is the contention of defendant that the sentence is excessive.

The record discloses that defendant was called to the stand and testified before sentence was imposed. He testified that he was 24 years of age and unmarried. He had employed legal counsel. The court was advised by the defendant, upon inquiry, that he was guilty. He admitted that he had previously been twice convicted for reckless driving and once for speeding. The sentence imposed was within the limits prescribed by section 39-727, R. S. Supp., 1963. There is nothing in the record to indicate that the sentence is excessive. The record discloses no extenuating circumstances of any kind.

The case is controlled by our holding in State v. Ohler, ante p. 418, 129 N. W. 2d 116, wherein we said: "Where the punishment of an offense, created by statute, is left to the discretion of a court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed unless there appears to be an abuse of such discretion."

Since there is nothing in the record indicating an abuse of discretion on the part of the trial court in imposing the sentence that it did, the judgment of the trial court must be affirmed.

AFFIRMED.