STATE OF NEBRASKA, APPELLEE, v. HERBERT C. STOCK, APPELLANT.

165 N. W. 2d 111

Filed February 20, 1969. No. 36938.

Yost & Yost, for appellant.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and KOKJER and ACH, District Judges.

WHITE, C. J.

From a maximum sentence of 10 years for man-

slaughter, the defendant appeals. § 28-403, R. R. S. 1943. The only question presented is the excessiveness of the sentence. We affirm the judgment and sentence of the district court.

The facts are that the defendant deliberately assaulted his 20-month old daughter in the middle of the night in an attempt to stop her from crying and that the blows on the chest and back resulted almost immediately in her death. The defendant was charged with first degree murder. He was represented by counsel. Later the charge was reduced to manslaughter and the defendant pleaded guilty. After a full hearing at the time of sentencing, the maximum penalty of 10 years was imposed. The county attorney recommended the maximum sentence. There was evidence before the district court warranting the conclusion that the defendant was generally known as a man of violent temper; that his conduct was subject to discipline while in the service; that he had damaged the roof of the mouth of another child in an attempt to stop her crying; that he had beaten his first wife during pregnancy causing a miscarriage.

There was also evidence that he had beaten his children at other times. The defendant had served a 30-day jail sentence for contributing to the delinquency of a minor.

The thrust of defendant's argument is the attempt to color match sentences in some of our previous manslaughter cases. Fisher v. State, 154 Neb. 166, 47 N. W. 2d 349; Ford v. State, 71 Neb. 246, 98 N. W. 807; Pembrook v. State, 119 Neb. 417, 229 N. W. 271; Howard v. State, 113 Neb. 67, 201 N. W. 968; Banks v. State, 114 Neb. 33, 206 N. W. 18. These cases are readily distinguishable and present no basis for a reduction of sentence. Moreover, there is nothing binding as precedent in a sentence imposed on a different individual arising from a different set of facts. The broad sweep of the manslaughter statute and the recognized concepts of individualized sentencing destroy most of the force of an

argument derived from color matching previous sentences.

The statute contemplates an offense on which the maximum sentence is warranted. Surely the facts of this case warrant such a sentence unless we are to say the maximum should never be imposed.

This case is controlled by the following rule: Where the punishment of an offense created by statute is left to the discretion of a court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed unless there appears to be an abuse of such discretion. Young v. State, 155 Neb. 261, 51 N. W. 2d 326; State v. Ohler, 177 Neb. 418, 129 N. W. 2d 116. No abuse of such discretion has been shown.

The judgment and sentence of the district court are correct and are affirmed.

AFFIRMED.