STATE OF NEBRASKA, APPELLEE, V. SETH E. BLACKWELL, SR., APPELLANT.

165 N. W. 2d 730

Filed March 7, 1969. No. 36936.

Norman Langemach and Farley Young, for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before White, C. J., Spencer, Boslaugh, Smith, and McCown, JJ., and Kokjer and Ach, District Judges.

White, C. J.

The defendant, Seth E. Blackwell, Sr., was sentenced to life imprisonment for second degree murder for killing another person by stabbing. The defendant appeals, attacking the admission of certain exhibits and testimony in evidence, the striking of certain testimony of the defendant, the failure to grant a mistrial because of emotional outbursts of the defendant, and the length of the sentence imposed. We affirm the judgment and the sentence of the district court.

Defendant first complains of the admission in evidence of three photographs of defendant taken at the police station shortly after the crime showing the defendant disrobed from the waist up. Such photographs taken of the defendant without his permission or consent do not infringe the constitutional prohibition of Article I, section 12, of the Constitution of Nebraska, against compelling defendant to give evidence against himself. State v. Oleson, 180 Neb. 546, 143 N. W. 2d 917. The exhibits being otherwise relevant as to the ability of the defendant to commit the crime and the absence of marks or scratches which would negate a prior assault on the part of the deceased, the admission in evidence did not constitute error.

Complaint is made of the admission in evidence of seven photographs which show the porch upon which deceased was found by police officers following the stabbing. Defendant alleges that these exhibits had no evidentiary value except to inflame the minds of the jurors by showing a "bloody mess." It must be conceded that these show a "bloody mess," but that is what the witnesses saw; and it might be added that such a scene is not an unusual occurrence when a victim is slashed in the throat and stomach causing said victim's death. "A photograph proved to be a true representa-

tion of the person, place, or thing which it purports to represent is proper evidence of anything of which it is competent and relevant for a witness to give a verbal description." Davis v. State, 171 Neb. 333, 106 N. W. 2d 490. We have examined the exhibits challenged and find there was no error in their admission. No showing is made that the number of these exhibits was so excessive so as to prejudice the defendant. The admission of cumulative evidence of this nature rests within the sound discretion of the court and there was no abuse of discretion in this respect. We also note that in a criminal case, often the failure to introduce all of the exhibits of this nature lays open the prosecution to the attack that evidence is being withheld or secreted.

Complaint is also made of the admission in evidence of two additional photographs showing deceased on a stretcher, and the wounds which the pathologist testified to as being the cause of death are clearly visible. The pictures are gruesome, there is a stab wound in the throat and the slash in the stomach from which a portion of the small intestine is protruding. These photographs were admissible. Photographs of the victim, upon proper foundation, may be received in evidence to show the nature or extent of wounds or injuries thereon. Vaca v. State, 150 Neb. 516, 34 N. W. 2d 873; Reizenstein v. State, 165 Neb. 865, 87 N. W. 2d 560. The fact that a photograph might present a gruesome spectacle does not prohibit its admission in evidence. MacAvoy v. State, 144 Neb. 827, 15 N. W. 2d 45.

In a homicide case the admission in evidence of photographs of this type is particularly relevant because the prosecution must establish beyond a reasonable doubt the elements of malice and purpose to kill in murder of the second degree. The continuity and violence of the stabbing, although gruesome, may be shown as relevant to prove these essential elements. In State v. Walle, 182 Neb. 642, 156 N. W. 2d 810, a case involving five photographs taken at the scene of the crime and in

the morgue, this court said: "Malice and a purpose to kill are essential elements of murder in the second degree. * * * The burden was upon the State to prove both of the elements beyond a reasonable doubt. * * *

"The evidence shows * * * (type) wounds. The hotel photographs served to illustrate testimony concerning the scene of the crime. The pathologist used the morgue photographs to illustrate his testimony, and this enabled the jury to visualize the wounds. The photographs were relevant and material to the issues concerning the cause and manner of death of the victim and were properly admitted."

Defendant also assigns as error that the trial court erred "in not properly considering the report of the psychologists and psychiatrists."

Prior to the defendant's trial, a psychiatric report requested by the defendant found that the defendant was mentally competent and able to make a plea to the court.

Following the trial, defense attorneys requested and received permission for psychiatric and psychological examination of the defendant "to determine whether the defendant was capable of going to trial, because of his apparent mental distress during the trial."

The psychiatrist reported: "It was my impression that the outburst which occurred in the courtroom was due to his impulsiveness and explosive qualities. I do not feel that this was a psychotic episode.

"It is my psychiatric opinion that Mr. Blackwell is aware of his surroundings, that he is able to comprehend things happening around him. It is also my opinion that Mr. Blackwell has known and does know the nature and quality of his actions and that he does know and has known right from wrong."

The psychological report concluded: "In summary, Mr. Blackwell is a cautious and guarded individual of essentially average intelligence who is not overly psychotic at this time. It is speculated that his personality constriction, slowness and difficulty in effectively mo-

bilizing his energy and resources, and at least some of his guardedness and caution, are the result of his efforts to prevent disturbing underlying, unconscious material, likely psychotic in nature, from entering his conscious awareness. Under severe stress Mr. Blackwell may develop transient psychotic episodes."

The record shows a careful and conscientious protection of the defendant's rights with reference to his contention of mental disturbance during the trial. We do not hold that in every case where a defendant creates a disturbance during the trial that it is required that the court conduct or that the court permit or require such a psychiatric or psychological examination. We only hold that the evidence here gathered from the psychiatric and psychological examinations amply sustains the trial court's findings in this respect. No abuse of discretion appears.

In an assignment of error that overlaps the contention just discussed, the defendant alleges reversible error by the trial court in not directing a mistrial because of prejudice to the jury resulting from the defendant's outbursts in the presence of the jury during the trial. The record shows that defendant, during the cross-examination by defense counsel of the first police officer to arrive at the scene of the crime, suddenly stood up and stated in a loud voice that he was not going through any more of this trial and continued to mumble some words that were not completely intelligible. Then during the direct examination of a defense witness, defendant stood and said in a loud voice: "They are trying to send me to the penitentiary; my wife won't have anybody to support her; she will be on the street being raped by every man on the street; there isn't anything I can do, because if I try to escape they will shoot and kill me; my case is getting all screwed up."

After each outburst, the defendant was escorted from the courtroom by deputy sheriffs, the second time in handcuffs. The record further shows that defendant was

not seated at the counsel table, but was seated against the wall near the counsel table between two deputy sheriffs. This arrangement was at the specific request of defense counsel to "better aid in his defense."

The record shows that the outbursts of defendant were completely his own doing. The record also shows that the conduct of the trial was exemplary, not only on the part of defense counsel, but on the part of the prosecution, the trial judge, the jury, and the audience as well. Defendant's conduct affords no basis for a new trial. The ruling of the trial judge was correct. See State v. Polakoff, 361 Mo. 929, 237 S. W. 2d 173. See, also, People v. DeSimone, 9 Ill. 2d 522, 138 N. E. 2d 556.

Defendant also complains that the sentence imposed was excessive. A sentence within the limits prescribed by statute will not be disturbed on appeal in the absence of abuse of discretion by the trial court. The record in this case demonstrates the commission of a serious and violent crime. The trial court was aided by its observation of the conduct and demeanor of the defendant during the trial. We assume that he was aided also by a comprehensive presentence investigation that is provided by law in cases of this type. The disposition or tendency to commit sudden violent crimes of this nature is a major consideration for a court to evaluate, because the very purpose of the criminal law is to protect society. We can find no abuse of discretion to have occurred in the imposing of this sentence, therefore, it may not be disturbed. State v. Stock, ante p. 29, 165 N. W. 2d 111; Young v. State, 155 Neb. 261, 51 N. W. 2d 326; State v. Ohler, 177 Neb. 418, 129 N. W. 2d 116.

An examination of the record and the assignments of error reveal no prejudicial error. The judgment and sentence of the district court are correct and are affirmed.

AFFIRMED.