STATE OF NEBRASKA, APPELLEE, v. JAMES DUNCAN, APPELLANT.

175 N. W. 2d 3

Filed February 27, 1970. No. 37349.

Charles A. Fisher and Charles F. Fisher, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

On November 22, 1968, the defendant, James Duncan, was charged with operating a motor vehicle on a public highway in a speed contest as defined in section 39-745.01, R. R. S. 1943. The defendant entered a plea of guilty to the charge and the district court sentenced the defendant to serve 30 days in the county jail and to pay a fine of $100, and suspended his motor vehicle operator's license for a period of 60 days. Defendant has appealed.

The bill of exceptions consists solely of the arguments made to the district court before sentence was pronounced. There appears to be little dispute as to the facts in the case as presented in the arguments of counsel. Such facts are substantially as follows: On October 31, 1968, the defendant and Roger Mazanec, accompanied by two other boys, Davis and Walker, went out into the country from Hemingford, Nebraska, where they engaged in drag racing. Walker was the starter

and remained on the side of the road at the starting point of the race. Davis rode with one of the participants in the race as a passenger. After the start of the race, the two cars took off to the north, running side-by-side, turned around about ¼ mile north, and raced back to the starting point. Defendant crossed the starting line first and Mazanec turned in behind him. During the time the race was finishing, Walker stepped out on the road to see the finish and was struck and killed by a pickup truck coming from the opposite direction. It was established that the driver of the pickup had no opportunity to avoid the accident and that its proximate cause was the negligence of Walker in suddenly stepping in front of the pickup truck. Thereafter defendant and Mazanec were charged as previously stated.

The misdemeanor complaint was filed in county court. Defendant appeared with legal counsel and entered a plea of guilty. Defendant was found guilty and granted probation. Defendant appealed to the district court where he, again accompanied by counsel, entered a plea of guilty. The district court found defendant guilty and granted probation. Defendant refused probation and filed a motion so stating and requesting that he be sentenced under the statute. Probation appears to have been refused because one of its conditions provided that he should not operate any motor vehicle for any purpose for a period of 2 years. The defendant was fully advised by the court of the consequences that could follow in moving for sentence under the statute. No contention is made that he did not know the maximum penalty that could be imposed.

The arguments of defendant's counsel and the county attorney hinged largely on whether or not a jail sentence was justified. The age of the defendant, his previous good conduct, the fact that his father farmed six tracts of land some miles apart necessitating the use of a motor vehicle, the need to operate a car to and from school, and the relationship of the drag race to the death of

Walker were thoroughly gone into with the court. It is clear that the trial court was advised of all the mitigating circumstances before sentence was pronounced.

We point out, however, that the statute prohibiting speed contests or drag racing is for the protection of the public in using public roads and minimizing the inherent dangers of vehicular traffic. While it could be said that the death of Walker was not directly caused by the drag race, it did create the condition that indirectly brought it about. If the death of Walker had resulted directly from the drag race, it could well have been a motor vehicle homicide case covered by a different statute containing a much more serious penalty. The purpose of this misdemeanor statute prohibiting drag racing on the public highways is to eliminate the dangers in them and make the public highways safer for their users. The very purpose of the statute was to prohibit the creation of dangerous conditions such as existed in this case. The fact that no one was killed directly by the drag race does not lessen the purpose of the statute nor mitigate the reasons for its enforcement. How the situation in this case could be a more serious offense under section 39-745.01, R. R. S. 1943, and still be within its scope is difficult to fathom.

The chief complaint appears to be that the sentence imposed interferes unduly with defendant's need for the use of motor vehicles, primarily because his father for whom he works has six tracts of land as far as 6 miles from home. But the enforcement of the law usually produces inconvenience and expense which compliance with the law would completely eliminate. It is true, of course, that the serving of a 30-day jail sentence could seriously interfere with the defendant's progress in school, but the trial court was not insensitive to that situation as is demonstrated by its grant of a 30-day suspension of the jail sentence when sentence was imposed on May 5, 1969.

The trial judge was fully advised of the facts and circumstances in this case by the county attorney and

defendant's counsel in the presence of the defendant. The court saw the defendant, was familiar with his age and previous good conduct, was fully informed as to his status in school, and was fully informed of all the facts out of which the complaint grew. From all of this, the trial court concluded that the sentence imposed was required. The sentence was within the limits prescribed by the statute and we can find no evidence of an abuse of discretion on the part of the trial court. State v. Agostine, 184 Neb. 158, 165 N. W. 2d 353; State v. Blackwell, 184 Neb. 121, 165 N. W. 2d 730.

Several other assignments of error were made in defendant's brief. We find no prejudicial error in them. We conclude that the case was fully and fairly considered by the trial court and its judgment is affirmed.

AFFIRMED.