### FRANK SELLERS, V. STATE OF NEBRASKA.

FILED MARCH 11, 1921. No. 21499.

1. **Criminal Law:** PAROLES: DISCRETIONARY POWER OF COURT. In a prosecution for grand larceny, the district court has discretionary power, on a verdict or plea of guilty, before pronouncing sentence, to suspend further proceedings, to put defendant on probation, to determine probationary conditions, and, for a violation thereof, to revoke the parole and impose upon defendant any penalty which might have been imposed upon the verdict or plea of guilty. Rev. St. 1913, secs. 9148-9150.

2. ————: ————: REVOCATION: PROCEDURE. In a proceeding to vacate a parole granted by the district court, the correct practice requires a verified information stating specifically the conduct con-

Sellers v. State.

stituting a violation of probationary conditions, but a proceeding by motion, stating that defendant violated his parole, may be sustained, if defendant had timely notice of a hearing, the assistance of counsel, the testimony of witnesses, and a fair and' impartial trial.

3. ———: ———: ———: EVIDENCE. Any probative evidence showing a violation of probationary conditions by conduct sufficient to convince the district court that defendant will not refrain from criminal acts in the future without punishment will sustain the revocation of a parole.

ERROR to the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Jamieson & O'Sullivan, Burkett, Wilson & Brown* and *J. L. Brown,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *C. L. Dort, contra.*

ROSE, J.

In the district court for Douglas county Frank Sellers, defendant, was charged with grand larceny, the property stolen being an automobile. Defendant pleaded guilty, but the district court, instead of imposing the sentence prescribed by the Criminal Code, put him on probation March 16, 1919, in charge of the adult probation officer for a two-year period, on the condition of good behavior, with permission to apply for and to reside on a soldier's homestead. Before the period of probation had expired the county attorney filed a motion to revoke the parole on the ground that the probationary condition had been violated by defendant. The district court sustained the motion March 27, 1920, and, on the former plea of guilty, sentenced defendant to serve in the penitentiary a term not less than one nor more than seven years. As plaintiff in error defendant presents for review the revocation of his parole.

The legality of the motion, the regularity of the proceedings thereon, and the sufficiency of the evidence to sustain the revocation of the parole are challenged by defendant.

Can the procedure by motion be sustained? In the criminal prosecution the district court, in its discretion, upon the plea of guilty, was empowered by statute, before pronouncing sentence, to enter an order suspending further proceedings, to put defendant on probation under the charge of a probation officer, to determine the conditions and the period of probation, and, for a violation of probationary conditions, to revoke the parole and impose upon defendant any penalty which might have been imposed upon his plea of guilty. Rev. St. 1913, secs. 9148-9150.

The statutes do not prescribe forms or methods of procedure to be observed in revoking a parole. The condition on which defendant was permitted to escape the penalty for grand larceny with an opportunity to become a law-abiding citizen was "good behavior." The term "good behavior" was sufficiently definite for the freedom enjoyed by defendant under it. In the motion the county attorney informed the court that defendant had been guilty of conduct amounting to a violation of his parole, and asked that a time be fixed for a hearing on the motion, and that defendant be ordered to show cause why his parole should not be revoked and sentence imposed upon his former plea of guilty. This course, was pursued. In the motion defendant was not charged with a criminal offense. Though not in prison while in charge of the probation officer, he was nevertheless in the constructive custody of the district court with restrictions on his liberty. He was called to account for violating the conditions of his parole, a question involving an abuse of the confidence reposed in him by the district court in the hope that he would develop into a law-abiding citizen without punishment. A formal information and an arraignment conforming to criminal procedure were unnecessary. On the motion charging that defendant violated the probationary conditions of his parole, he had timely notice of a hearing, the assistance of counsel, the testimony of witnesses, and a fair and impartial trial. After the county attorney had adduced his evidence in support of the charge that the parole

had been violated, defendant was allowed time and opportunity to justify his conduct by evidence in his own behalf and to give his own explanations of the testimony of the witnesses for the state. While the proper practice requires a verified information stating specifically the conduct constituting a violation of probationary conditions, the course pursued in this case did not deprive defendant of any right protected by law.

The questions relating to the sufficiency of the evidence to sustain the revocation of the parole are more difficult. The granting of a parole, instead of imposing a sentence upon a verdict or a plea of guilty, is the exercise of a discretionary power of the district court. The statutory inquiry extends to the age of defendant, to his former course of life, to his disposition, habits and inclinations, to former offenses, and to all other obtainable information. Rev. St. 1913, sec. 9149. On such information the discretion to grant a parole may be exercised, if the trial judge "be of the opinion that the accused would refrain from engaging in or committing further criminal acts in the future." Rev. St. 1913, sec. 9149. The opportunity to become a law-abiding citizen without undergoing penal servitude seems to be the ultimate aim of the legislation authorizing a parole by the district court upon a verdict or plea of guilty before sentence has been pronounced. It seems to follow that any probative evidence showing a violation of probationary conditions by conduct sufficient to convince the district court that defendant will not refrain from criminal acts in the future without punishment will sustain the revocation of a parole. Evidence that a new crime has been committed is unnecessary. While on probation defendant ignored his permission to apply for and to reside on a soldier's homestead. Without reason he was unemployed for a considerable time. He had and used a valuable automobile and also a truck, but was unable to give a satisfactory explanation as to how he acquired funds to pay for them. He had been in the company of a law-breaker who trafficked in intoxicating liquors and

had listened intently to plans for the violation of law. In-
stead of giving a satisfactory account of himself according
to the terms of his probation, he insisted on strict proof
that he had violated his parole as a condition of revocation.
On inferences drawn from evidence of the character out-
lined, the trial court, in the exercise of a statutory discre-
tion, vacated the parole. The evidence seems to be suffi-
cient to meet the requirements of the law. No prejudi-
cial error has been found in the record, and the judgment
is

AFFIRMED.