Delores Moyer, Plaintiff in Error, v. State of
Nebraska, Defendant in Error.

14 N. W. 2d 220

Filed April 28, 1944. No. 31746.

*William N. Jamieson,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Carl H. Peterson, contra.*

Heard before Simmons, C. J., Paine, Carter, Messmore, Yeager, Chappell and Wenke, JJ.

Yeager, J.

This is a criminal action wherein in an information filed in the district court for Douglas county, Nebraska, Delores Moyer, defendant there, plaintiff in error here, was charged with the criminal offense of uttering a forged bank check. Herein said Delores Moyer will be referred to as defendant and the state as defendant in error will be referred to as the state. To the information defendant entered a plea of guilty. On August 30, 1943, the court without pronouncing sentence and agreeable to the terms of sections 29-2214 and 29-2215, Comp. St. 1929, placed the defendant on probation in charge of John O. Hiddleston, Adult Probation Officer of Douglas county, Nebraska, for a period of two years.

Thereafter on September 21, 1943, the county attorney of Douglas county, Nebraska, filed in the action an information charging that on September 18, 1943, the defendant violated the terms and conditions of her probation. The particular charge against her was the following: " * * * in that said defendant, Delores Moyer, * * * did * * * move her place of residence without the consent of the Court and also stayed out on the streets of Omaha late at night from her place of residence; that she visited and associated with persons of disreputable and harmful chararter."

A formal arraignment was had on this information and defendant pleaded not guilty. Following this plea a hearing was had and evidence taken, at the conclusion of which defendant's probation was revoked and she was sentenced to serve a term of two years in the Nebraska Reformatory for Women at York, Nebraska. To reverse this judgment and sentence the defendant brings the case to this court by petition in error.

There are five assignments of error numbered 1, 2, 3, 6 and 7. Numbers 3, 6 and 7 relate to procedural questions. They require no discussion beyond the statement that they are without merit. The procedure followed was the same as that which was outlined and declared to be a pattern in such cases as this in *Sellers v. State*, 105 Neb. 748, 181 N. W. 862. The pattern is found in the second point of the syllabus and is the following: "In a proceeding to vacate a parole granted by the district court, the correct practice requires a verified information stating specifically the conduct constituting a violation of probationary conditions, but a proceeding by motion, stating that defendant violated his parole, may be sustained, if defendant had timely notice of a hearing, the assistance of counsel, the testimony of witnesses, and a fair and impartial trial."

Numbers 1 and 2 are to the effect that the evidence was insufficient to support the charge that defendant violated the terms of her probation.

Section 29-2215, Comp. St. 1929, requires that the court shall fix the conditions of the probation and may include

therein conditions enumerated in this section. The record discloses that no conditions were imposed except the statutory conditions, which by reference were made a part of the probationary order. These statutory conditions are the following: "That the probationer (a) shall indulge in no unlawful, disorderly, injurious or vicious habits; (b) shall avoid places or persons of disreputable or harmful character; (c) shall report to the probation officer as directed by the court or probation officer; (d) shall permit the probation officer to visit him in a reasonable manner at his place of abode or elsewhere; (e) shall answer any reasonable inquiries on the part of the probation officer concerning his conduct or condition; (f) shall work faithfully at suitable employment; (g) shall remain or reside within a specified place or locality; (h) shall abstain from the use of alcoholic beverages if the use of the same contributed to his offense; (i) shall pay in one or several sums a fine imposed at the time of being placed on probation; (j) shall make reparation or restitution to the aggrieved parties for actual damage or losses caused by his offense; and (k) shall support his wife or children."

It appears from the statute and the decisions of this court that the right of the court to revoke probation depends upon a breach of the conditions of the probation by the probationer. The pertinent provision of the statute in such cases is contained in section 29-2215, Comp. St. 1929, as follows: " * * * in case of violation of the probationary conditions, the court may impose any penalty which it might have imposed before placing the defendant on probation: * * * ."

In *Sellers v. State, supra,* it was stated: "It seems to follow that any probative evidence showing a violation of probationary conditions by conduct sufficient to convince the district court that defendant will not refrain from criminal acts in the future without punishment will sustain the revocation of a parole."

It appears therefore that the question of whether or not probation shall be granted is to rest in the discretion of the

court in the light of the guiding principles set forth in the statute. It further appears that after the court has, within its discretion, granted probation such probation may not be revoked except upon a proper charge and probative evidence of violation.

The information charges that defendant violated her probation in three respects. First, that she moved her place of residence without consent of the court; second, that she stayed out on the streets of Omaha late at night; and third, that she visited and associated with persons of disreputable and harmful character.

As to the first there is nothing in the order of the court requiring that defendant shall reside at any particular place. The only requirement therefore is the statutory requirement that she "shall remain or reside within a specified place or locality." It appears from the record that following the grant of probation she went to live with her mother at 509 South Twenty-ninth street, Omaha, Nebraska. A few days later she went with her mother to the home of a friend at 1840 North Nineteenth street in the same city where she took up residence and remained until she was taken into custody following the filing of the information for violation of probation. The distance was about 34 city blocks. The new place of abode was within the jurisdiction of the court. There was nothing surreptitious in the removal. There is nothing in the record from which this removal could be construed as a violation of the terms of probation.

The only support for the other two charges in the information is evidence that defendant, a married woman, was out on the street until 1:30 in the morning with her husband.

It may be reasonably inferred from the evidence that defendant was separated from her husband but there is no evidence from which it might be inferred that he was a person of disreputable and harmful character. While we do not pass upon the question it is doubted, in any event, that the legislature intended to include in the description, "per-

sons of disreputable or harmful character," the spouse of a probationer.

We do not find in the bill of exceptions any probative evidence showing a violation of the probationary conditions set forth in the information.

The judgment of the district court is reversed and the sentence of that court ordered vacated.

REVERSED.