THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RICHARD C. EAMES, Appellant.

County Court, Steuben County, October 12, 1953.

*Joseph J. Nasser* for appellant.

*Domenick L. Gabrielli, District Attorney,* for respondent.

BRISCO, J. On June 29, 1952, the defendant was arraigned in the Corning City Court on the charge of violation of section 1140 of the Penal Law. He pleaded guilty to the said charge before the Acting City Judge and was placed on probation. In the month of September, 1952, the defendant was arrested and charged with a violation of the terms of the probation imposed upon him as the result of the aforesaid action in City Court. In connection with the charge against him, a motion was made for a dismissal of the charge of violation of probation on the ground that the defendant had not violated the terms of the probation, and the motion was granted by the City Judge. The City Court, however, at said time and place, among other things, imposed a fine of $50 which had not previously been imposed and dictated different terms of probation. Defendant by his attorney, called the attention of the court to the fact that his action was imposing a new sentence upon the defendant. It is the contention of the defendant that the court did not have this power for the reason that there had been no violation of the terms of the probation.

Much has been written about probation and the revocation of probation. The recent case of *People* v. *Oskroba* (305 N. Y. 113), decided March 5, 1953, clearly and forcefully sets forth a most comprehensive review of the law as it relates to probation. I cite several authorities to show that the City Court did not have the right to take the action that it has taken in the instant case. In *Sanford* v. *King* (136 F. 2d 106), the court held, among other things, that a judge could impose sentence after expiration of the probationary period only for violation of probation during the lawful probationary period. In *James* v. *United States* (140 F. 2d 392), the court emphasized that the theory is that the defendant must commit offenses in order to violate the terms of suspension. In *Matter of Johnson* v. *State* (53 Ariz. 161), the court held that the court must be convinced that the defendant has violated his probation before he should be sentenced. In *Moyer* v. *State* (144 Neb. 673), the court held that the right to revoke probation depended upon a breach of the conditions of probation. In the interesting case of *Escoe* v. *Zerbst* (295 U. S. 490), the court held that a hearing before

revocation was required by the Federal Probation Statute for the probationer's protection against malice or oppression. The court further held in the case of *State* v. *Haber* (132 N. J. L. 507), that justice required that the defendant be given notice, opportunity to be heard and to defend himself in a timely and orderly proceeding. In that case it appeared that there was an informal colloquy between the probationer and the Judge revoking the probation. The court held that that was insufficient to meet the requirements of due process.

I hold that the records indicate that there was no violation of the terms of the probation by virtue of the granting of the defendant's motion dismissing the charge of violation of probation, which set in motion the proceedings under review in this case. It is my considered judgment that the City Court must first find a revocation by virtue of the provisions of section 935 of the Code of Criminal Procedure. I find no authority for the court to interpose a *de novo* judgment in the absence of a revocation. Inasmuch as the defendant was not adjudged a violator of probation, the court was without power to impose an entirely new judgment.

The defendant's motion is granted, and an order may be submitted directing the return of the payment of $50 to the defendant.

Let an order be entered in accordance with this decision.