NORMAN PHOENIX, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

77 N. W. 2d 237

Filed May 25, 1956. No. 33938.

*Eugene D. O'Sullivan* and *Eugene D. O'Sullivan, Jr.,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Richard H. Williams,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

The plaintiff in error, hereinafter called defendant, brings his case to this court for review. The questions raised by the defendant for determination are as follows: (1) Whether or not the proper statutory procedure was followed on July 5, 1955, by the State in bringing the matter of his parole violation before the trial court to act upon; and (2) whether or not the trial court committed error in permitting the deputy county attorney to amend an information filed in this proceeding on July 5, 1955, the amendment being allowed on September 22, 1955, after the 3-year probation period had expired, the expiration date of the same being July 21, 1955.

The transcript discloses that on July 16, 1952, an information was filed in the district court for Douglas County charging Norman Phoenix with grand larceny. On the same date the defendant entered his plea of guilty to the charge of grand larceny. Sentence was deferred, and an assistant public defender was appointed to defend Phoenix. On July 21, 1952, the trial court placed the defendant on probation to the adult probation officer of Douglas County for a period of 3 years from and after July 21, 1952, the conditions of probation being generally as provided by sections 29-2218, 29-2219, and 29-2220, R. R. S. 1943.

On July 5, 1955, an information was filed against the defendant charging him with violation of his parole. Under the terms of the probation, the defendant was required to make a report each month to the adult probation officer. The information alleged that the defend-

ant failed to make his report to the adult probation officer for the month of December 1954. The information alleged that the defendant, in the month of January 1955, left the jurisdiction of the court and the State of Nebraska without the permission of the adult probation officer, and failed to notify such officer of his change of address. On September 22, 1955, the State, over objections of the Douglas County public defender, was permitted to delete from the information the words "did in the month of January, 1955, leave the jurisdiction of the court and the State of Nebraska without the permission of the said Adult Probation Officer or this court" and to amend it by adding the words "did fail to make monthly reports to the Adult Probation Officer for the months of January to July, 1955, inclusive."

Counsel for the defendant objected to these amendments and requested a 24-hour continuance before pleading to the information. The defendant then filed a motion to quash the amended information. It recited that the amendment to the information charging that the defendant did violate the terms of the order of probation entered by the court by failing to report to his probation officer for the months of January through July 1955, was improper for the reason that said amendment was not made until after the period of probation fixed by said order of probation had expired and charged a violation of probation totally separate and distinct from the violation of probation charged in the information. The motion to quash the amended information was overruled. The defendant was arraigned and entered his plea of not guilty. The trial court sentenced the defendant to serve a period of 3 years in the State Penitentiary from and after September 23, 1955.

With reference to the first question above set forth, the defendant argues that under scetion 29-2219, R. R. S. 1943, and before it was amended by the 1953 Legislature, which is now cited as section 29-2219, R. S. Supp., 1955, the proper procedure was by information filed in

the district court to bring a matter of parole violation before the court; and that under section 29-2219, R. S. Supp., 1955, the court or a magistrate thereof may, under subdivision (3) (b) of said section "in case of the violation of such probationary conditions, upon motion and showing by affidavit of the county attorney, issue a warrant for the arrest of the probationer," which changes the mode of procedure from what it was formerly.

In Sellers v. State, 105 Neb. 748, 181 N. W. 862, this court held: "In a proceeding to vacate a parole granted by the district court, the correct practice requires a verified information stating specifically the conduct constituting a violation of probationary conditions, but a proceeding by motion, stating that defendant violated his parole, may be sustained, if defendant had timely notice of a hearing, the assistance of counsel, the testimony of witnesses, and a fair and impartial trial." See, also, Moore v. State, 125 Neb. 565, 251 N. W. 117; Moyer v. State, 144 Neb. 673, 14 N. W. 2d 220; Carr v. State, 152 Neb. 248, 40 N. W. 2d 677.

In Young v. State, 155 Neb. 261, 51 N. W. 2d 326, we cited the foregoing cases, referred to the principle announced therein, and said: "Obviously, if a matter of this kind may be raised by motion without depriving a defendant of any rights protected by law, it of necessity follows that compliance with section 29-1602, R. R. S. 1943, is not mandatory as to an information charging a probation violation and the failure to endorse names of witnesses thereon is not error."

At the time of all of the above holdings by this court, the statute provided in part: "* * * The court or a magistrate thereof may * * * in case of violations of the probationary conditions issue a warrant for the arrest of the probationer, * * *; and in case of violation of the probationary conditions, the court may impose any penalty which it might have imposed before placing the defendant on probation; * * *."

Section 29-2219, R. S. Supp., 1955, provides in part, in

(d) under (3) thereof, as follows: "in case of the violation of such probationary conditions, impose any penalty which it might have imposed before placing the defendant on probation; * * *."

It will be noted the change that was made in the statute pertains to the conditions precedent, that is, to the issuance of a warrant and to the arrest of a probationer. There is no intention expressed in the statute that the proper procedure to obtain a hearing for revocation of probation is not as before by verified information.

Technical formality and preciseness of charge are not a prerequisite to judicial investigation of whether or not defendant has observed the conditions of his probation. A statement of the facts showing the claimed violation of his parole, notice to the defendant of a hearing, and a lawful hearing on the charge, are sufficient. Carr v. State, *supra;* Sellers v. State, *supra;* Moyer v. State, *supra.*

Under the proceedings in the instant case the defendant was afforded due and proper notice of hearing; he had the assistance of counsel; and he had a fair and impartial hearing wherein testimony was taken. The record discloses that the defendant violated his parole as contended for by the State. In fact, he does not deny such violation. In a case such as the instant case, the accused is entitled to a fair and impartial hearing, but it is generally held that he may not demand a formal trial or trial by jury. It is sufficient that the violation of conditions is established by clear and satisfactory evidence, and proof beyond a reasonable doubt is not required. See 24 C. J. S., Criminal Law, § 1618 (d), p. 195.

Section 29-2219, R. S. Supp., 1955, endeavors to simplify the procedure as set forth therein, however, it does not dispense with the proceedings in such matters as announced by the decisions of this court above set forth.

Irrespective of any argument as to the proper procedure to obtain a hearing, the ultimate fact is that the defendant in the instant case was in no manner

prejudiced by the procedure followed, and his substantial rights were in no way affected by such procedure. The defendant's contention with reference to the first question raised is without merit.

The defendant takes the position that the amendment made by the county attorney with permission of the trial court on September 22, 1955, after the expiration date of the probationary period which was July 21, 1955, was error for the reason that the term of probation had expired and adding to or deleting from the charge, and being permitted to do so by the trial court, was tantamount to filing a new pleading and is prejudicially erroneous.

It is true that it has been held, under varying statutes, that revocation and commitment may be ordered at any time during the suspension or probation period, during the period of the term of the sentence, or during the maximum period for which the accused could have been sentenced. 24 C. J. S., Criminal Law, § 1618 (c), p. 192. There are cases from foreign jurisdictions where a statute provides that the particular court may revoke an order suspending sentence and placing on probation at any time during the term of the probation, which has been held to mean that there is no jurisdiction in such court to revoke probation after the period of probation has passed, which need not be cited in the instant case and have no applicability here.

The statute here involved, so far as material to the present question, provides in part as follows: "(1) When any court suspends sentence and places a defendant on probation it shall determine the conditions and period of probation, which period shall not exceed, in the case of any defendant convicted of an offense less than a felony, two years; and in the case of any defendant convicted of a felony, five years. * * * (3) The court or a magistrate thereof may (a) modify the conditions and the period of probation referred to in subsections (1) and (2) of this section, (b) in case of the violation

of such probationary conditions, upon motion and showing by affidavit of the county attorney, issue a warrant for the arrest of the probationer, (c) at any time discharge the probationer, and (d) in case of the violation of such probationary conditions, impose any penalty which it might have imposed before placing the defendant on probation; * * *." § 29-2219, R. S. Supp., 1955.

It will be noted that the statute does not contain the language "the court may revoke the probation at any time during the period of probation." We believe a proper interpretation of the statute is that if a court is to revoke probation for a violation occurring within a probationary period, procedure to that end must have been instituted within the probationary period, as was done in the instant case, or within a reasonable time thereafter. Under such an interpretation, a violation occurring on the last day of probation could still properly result in the revocation of probation after the probationary term.

The gist of the present action is a revocation of probation. The amendment to the information is an amplification of the facts upon which the charge is made, and nothing more. We believe, where an amendment of this nature is made within a reasonable time after the expiration of the probationary period, that no substantial rights of the defendant are affected.

We find no prejudicial error in the record, and the judgment of the trial court is affirmed.

AFFIRMED.