### STATE v. EARLE CALDWELL BLACKWELDER.

(Filed 25 November, 1964.)

**Automobiles § 3;  Criminal Law §§ 65.1, 136——  Certificate of revocation without admission or proof of identity is not conclusive.**

The introduction by the State of certificate of the Department of Motor Vehicles that a person of the same name as defendant had been convicted of drunken driving and his license suspended does not justify an instruction that the jury should convict defendant of driving during the period of revocation of his license if the jury believed the State's evidence beyond a reasonable doubt that defendant drove a vehicle upon a public high-

way during that time, since the certificate was merely evidence upon which the jury could determine the question of identity of defendant as the person whose license had been revoked. The revocation of the prior suspended execution must be set aside also.

APPEAL by defendant from *Crissman, J.,* April 1964 Session of CABARRUS.

Defendant was charged and convicted in the Recorder's Court of Cabarrus County of operating a motor vehicle while his license was suspended, a misdemeanor, G.S. 20-28. Based on the conviction, the court activated a sentence suspended in a prior criminal action. Defendant appealed to the Superior Court the judgment based on the verdict, and the activation of the suspended sentence. In that court there was a verdict of guilty, sentence and activation of the suspended sentence. Defendant then appealed to this Court.

*Attorney General T. W. Bruton, Deputy Attorney General H. W. McGalliard and Assistant Attorney General James F. Bullock for the State.*
*B. W. Blackwelder for defendant appellant.*

PER CURIAM. The evidence in the Superior Court was sufficient to support a finding that defendant was, on the night of December 26, 1963, driving an automobile. The State also offered a certified transcript of the records of the Department of Motor Vehicles. This record showed one Earle Caldwell Blackwelder was, on November 21, 1963, convicted of drunken driving. Based on that conviction, the Department had revoked that person's license to operate a motor vehicle from December 3, 1963, to December 3, 1964.

The court charged the jury to return a verdict of guilty if they should find beyond a reasonable doubt that defendant was operating a motor vehicle on the highways of the State on the night of December 26, 1963. This was but one element of the crime which the State had to prove. The other element, that the operator's license was then suspended or revoked, was another essential ingredient of the crime. The plea of not guilty placed the burden on the State to prove both. The certificate from the Department did not, standing alone, identify defendant as the person whose license had been revoked. It was merely evidence on which the jury could determine the question of identity. *State v. Mitchner,* 256 N.C. 620, 124 S.E. 2d 831.

The failure of the court to require the jury to find as a fact that defendant's license had been revoked was error, entitling defendant to a new trial.

Since the activation of the suspended sentence was based on the erroneous assumption that defendant's violation of the terms of the suspended sentence had been properly determined, there was error in activating the suspended sentence.

New trial.