STATE OF NEBRASKA, APPELLEE, V. CHARLES E. HOLIDAY, APPELLANT.

153 N. W. 2d 855

Filed November 3, 1967. No. 36611.

Richard M. Duxbury and David L. Crawford, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

Defendant was convicted of obtaining property by false pretenses in the district court for Lancaster County, Nebraska. Without pronouncing sentence, the court thereupon suspended proceedings and placed the defendant upon probation for a period of 2 years upon certain conditions. Within 60 days thereafter, an information was filed in the district court charging defendant with a violation of the order of probation. Hearing upon the information was not had until after the expiration of the 2-year period of probation and after a period exceeding the maximum sentence for the crime charged had elapsed. Following a hearing on the information, the district court found that the defendant had been guilty of violating the order of probation, revoked probation, and pronounced sentence. Defendant informed the court that he was an indigent and requested the appointment of counsel to represent him at the hearing on the information charging a violation of the probationary conditions. The appointment of counsel was denied.

Defendant now contends that an indigent, upon request therefor, is entitled to appointment of counsel to represent him in a revocation of probation proceeding.

Section 29-2218, R. R. S. 1943, provides: "* * * the court may, in its discretion, enter an order, without pronouncing sentence, suspending further proceedings and placing the accused on probation * * *."

Section 29-2219, R. R. S. 1943, provides in part: "(3)

The court or a magistrate thereof may (a) modify the conditions and the period of probation * * *, (b) in case of the violation of such probationary conditions, upon motion and showing by affidavit of the county attorney, issue a warrant for the arrest of the probationer, (c) at any time discharge the probationer, and (d) in case of the violation of such probationary conditions, impose any penalty which it might have imposed before placing the defendant on probation; * * *."

It appears to be the majority rule that the right of accused to a hearing on revocation of probation has no constitutional basis and exists only by virtue of statute. See, Annotation, 29 A. L. R. 2d 1074; Gilmore v. United States, 129 F. 2d 199; Escoe v. Zerbst, 295 U. S. 490, 55 S. Ct. 818, 79 L. Ed. 1566; Brown v. Warden, U. S. Penitentiary, 351 F. 2d 564.

Appellant cites Sellers v. State, 105 Neb. 748, 181 N. W. 862, and later cases citing the Sellers case, as authority for the proposition that in a proceeding for the revocation of probation, defendant is entitled to a full and formal hearing, to the assistance of counsel, and, if indigent, to the appointment of counsel for him. The Sellers case does not so hold. It arose under a former statute which did not, as does our present statute, authorize initiation of such a proceeding by motion. It was then the rule that a verified information should be filed specifically stating the conduct constituting a violation of the probationary conditions. The court simply held that the accused had not been prejudiced by the use of a motion instead of an information to commence such proceeding when he had had timely notice of hearing, the assistance of counsel, and a fair and impartial trial. The court *did not hold* that these things were normally essential in a proceeding of this type.

The Nebraska statutes treat the entire matter of the granting and revocation of probation as a discretionary proposition. They do not even specifically require a hearing on revocation of probation, but leave the matter

of determining the advisability or necessity for such revocation entirely to the sound discretion of the court. It is, however, apparent that the court must, by some means, satisfy itself of the truth or falsity of the charge of violation of the probationary conditions and as a result, this court has ruled that probation may not be revoked except upon a proper charge and probative evidence of violation. See Moyer v. State, 144 Neb. 673, 14 N. W. 2d 220. The court has thus implemented the statute to insure against any possibility of an abuse of discretion. In Phoenix v. State, 162 Neb. 669, 77 N. W. 2d 237, it was stated that the accused is entitled to a fair and impartial hearing, but not to a formal trial or trial by jury, nor must the violation of probation be proved beyond a reasonable doubt.

It is apparent that Nebraska, like a majority of other jurisdictions, has recognized the distinction existing between a criminal prosecution and a hearing on revocation of probation.

"'Prosecution' is the processing of a criminal judicial proceeding; it refers to the means by which the criminal law is to enforced, and may be defined as a proceeding instituted and carried on by due course of law, before a competent tribunal, for the purpose of determining the guilt or innocence of a person charged with crime." 22 C. J. S., Criminal Law, § 1 f, p. 8. Here guilt has been established by final conviction.

"Probation is not a matter of right, but a matter of grace and clemency granted to deserving accused whereby he may escape the extreme rigors of the penalty imposed by law for the offense of which he stands convicted, the statutes ordinarily vesting discretion in the trial court whether or not to grant probation in a case coming within their operation. The power is not to be exercised as a matter of favor or grace, but only in accordance with the public interest." 24 C. J. S., Criminal Law, § 1571(2), p. 457.

"Except as statute may provide otherwise, no formal

charge or hearing is necessary before the court may revoke a suspension or probation and impose sentence." 24 C. J. S., Criminal Law, § 1572(4), p. 500. See, also, Phoenix v. State, *supra.*

Under the Nebraska statutes, probation, or the continuance of probation, is not a matter of right vested in the convicted individual, but is subject to the sound discretion of the court in the imposition of conditions, duration of probation, and determination of a violation of such conditions. No formal trial is required nor is the assignment or presence of counsel required, although the probationer may appear by counsel if he so desires. It is sufficient if it appears that probationer was afforded a fair and impartial hearing, that reasonable grounds for revocation of probation existed, and that there was not an abuse of the discretionary powers vested in the court. This is in accord with the prevailing federal practice. See, Burns v. United States, 287 U. S. 216, 53 S. Ct. 154, 77 L. Ed. 266; Welsh v. United States, 348 F. 2d 885.

Defendant also contends that revocation is not permissible after the period of probation has expired and after the maximum sentence for the crime charged has elapsed. In Phoenix v. State, *supra,* it was held that if the court is to revoke probation for a violation occurring within the probationary period, procedure to that end must be instituted within the probationary period, or within a reasonable time thereafter. In this case, such proceedings were instituted during the probationary period by the filing of an information. The fact that the hearing on such information was delayed is not material although it is explained by the defendant's own statements showing that he had been elsewhere imprisoned during much of the time that elapsed.

We find no merit in defendant's contentions and the judgment of the district court should be affirmed.

AFFIRMED.

CARTER, J., participating on briefs.