STATE OF NEBRASKA, APPELLEE, V. JIM WARD, ALSO KNOWN AS JIMMIE LEE WARD, APPELLANT.

154 N. W. 2d 758

Filed December 8, 1967. No. 36666.

Lindsay & Lustgarten and Bennett G. Hornstein, for appellant.

Clarence, A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The defendant pleaded guilty to fraudulently issuing an insufficient fund check and was placed on 2 years' probation. The order provided that the defendant should abstain from the use of alcoholic beverages and not violate the laws of any state. Thereafter an information alleging violation of the probation order was filed. On September 27, 1966, the trial court found that the probation order had been violated and extended the probation period for 6 months.

A second information alleging violation of probation was filed on March 30, 1967. After hearing, the probation was revoked and the defendant sentenced to 1 year's imprisonment. The defendant has appealed from this judgment.

The information filed on March 30, 1967, failed to allege the 6 months' extension of the probation period. The defendant contends that the court lacked jurisdiction because the information failed to show on its face that the violation alleged had occurred within the period of probation.

The information specifically alleged the conduct constituting the violation of probation. This was sufficient. A formal information and arraignment conforming to criminal procedure is not required for revocation of probation. Sellers v. State, 105 Neb. 748, 181 N. W. 862. Technical formality and preciseness of charge are unnecessary. Carr v. State, 152 Neb. 248, 40 N. W. 2d 677.

The defendant further contends that the evidence was insufficient to sustain the revocation.

The second information charged that on March 13, 1967, the defendant drove while under the influence of alcoholic liquor. The State proved that the defendant

had pleaded guilty to a charge of operating a motor vehicle while under the influence of alcoholic liquor on the date alleged. This evidence was sufficient to sustain a finding that the defendant had violated the terms of his probation as alleged.

Any probative evidence showing a violation of probationary conditions by conduct sufficient to convince the district court that the defendant will not refrain from criminal acts in the future without punishment will sustain the revocation of probation. Sellers v. State, *supra*.

The judgment of the district court is affirmed.

AFFIRMED.

SMITH, J., participating on briefs.