Everett SKIDGELL

v.

STATE of Maine et al.

Supreme Judicial Court of Maine.

April 1, 1970.

Robert S. Batchelder, Kezar Falls, for plaintiff.

Harry N. Starbranch, Asst. Atty. Gen., Augusta, for defendants.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, WEATHERBEE and POMEROY, JJ.

WEATHERBEE, Justice.

This petition for the post-conviction writ of habeas corpus was submitted to us on Report by the Justice in the Superior Court.

Petitioner was convicted of assault in one of our District Courts. He was sentenced to serve six months in the County Jail but his sentence was suspended and he was placed on probation for one year. Seven months later he was brought before the District Court to answer to a report of violation of his probation, the Judge declared Petitioner in violation of his probation and revoked the probation and Petitioner was ordered to serve the sentence originally imposed.

It is stipulated that although Petitioner was indigent, he was not informed that he had a right to counsel at the hearing, that he did not request that counsel be appointed to represent him, that the Judge did not offer to appoint counsel for him and that he was unrepresented at the hearing.

The parties agree that the issue submitted to us is whether or not Petitioner's constitutional rights were violated by reason that he was not represented by counsel at his probation revocation hearing.

Our own statute dealing with revocation of probation makes no provision for appointment of counsel for indigent probationers. 34 M.R.S.A. § 1633.

Our understanding of the nature of a hearing on revocation of probation leads us to the conclusion that neither our statutes nor constitutional provisions require such appointment.

■ There is no right, statutory or constitutional, to probation. It, like parole, is a matter of grace. Mottram v. State, Me., 232 A.2d 809 (1967); State v. Maxwell, 97 Ariz. 162, 398 P.2d 548 (1965); State v. Holiday, 182 Neb. 229, 153 N.W.2d 855 (1967); State v. Hewett, 270 N.C. 348, 154 S.E.2d 476 (1967); Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935).

We have recently been called upon to examine our probation statute and the procedures followed in several hearings on revocation of probation. In State v. Allen, Me., 235 A.2d 529 (1967); State v. Oliver, Me., 247 A.2d 122 (1968); and State v. Russo, Me., 260 A.2d 140 (1969) we recognized a probationer's right to notice as to the conduct which the State charges constituted a violation of his probation, to a hearing and to a fair determination of the charge by the Presiding Justice. These rights, we said, resulted from our own construction of our statute providing for hearings on revocation and not from the application of constitutional principles to revocation proceedings.

Many courts have concluded that a hearing on revocation of probation is not governed by the same rules as apply to a trial on the merits, such as strict rules of evidence, proof beyond a reasonable doubt, etc., thus distinguishing it from a criminal trial. State v. Maxwell, supra; State v. Holiday, supra; In re Griffin, 67 Cal.2d 343, 62 Cal.Rptr. 1, 431 P.2d 625 (1967); State v. Hewett, supra; 21 Am.Jur.2d, Criminal Law, §§ 567, 568; 24 C.J.S. Criminal Law § 1618(11) d.

■ Our study of the nature of the revocation proceedings led us to conclude in *Allen* and *Oliver*, as many other courts have held, that a hearing on revocation is not a criminal trial. Dutton v. Willis, 223 Ga. 209, 154 S.E.2d 221 (1967); Ex Parte Levi, 39 Cal.2d 41, 244 P.2d 403 (1952); Kennedy v. Maxwell, 176 Ohio St. 215, 198 N.E.2d 658, 659 (1964).

The criminal proceeding ended with the judgment of guilt and sentence. Although a revocation after sentence results in the loss of the probationer's liberty, this results not from the Judge's determination that he is guilty of another crime but that

he has been found unworthy of the privilege of probation which has been extended to him and that it is in the public interest that the privilege be withdrawn from him. The punishment he receives is the punishment already imposed upon him. The hearing is sui generis—judicial rather than administrative and by no means inconsequential but not a stage in the criminal proceedings.

Although probation is a matter of grace, we pointed out in *Oliver,* quoting from Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932), that the probationer is entitled to fair treatment and is not to be made the victim of whim or caprice.

In *Allen,* although we specifically refrained from stating that appointment of counsel for indigent probationers was *required,* we remarked that the policy of appointing counsel at such times was a wholesome one—an observation which we now repeat.

Their analysis of the nature of the revocation proceeding has led numerous state courts to the conclusion that appointment of counsel is not required. Dutton v. Willis, supra; State v. Hewett, supra; In re Griffin, supra; Knight v. State, 7 Md. App. 313, 255 A.2d 441 (1969); Petition of DuBois, Nev., 445 P.2d 354 (1968); State v. Phillips, Mo., 443 S.W.2d 139 (1969); Application of Jerrel, 77 S.D. 487, 93 N.W.2d 614 (1958); Cole v. Holliday, Iowa, 171 N.W.2d 603 (1969); State ex rel. Riffle v. Thorn, W.Va., 168 S.E.2d 810 (1969).

"The right to counsel clause of Section 13 of the North Dakota Constitution refers to 'criminal prosecution' and states that in such prosecution the party accused shall have the right to 'appear and defend in person and with counsel'. A probation or parole revocation hearing (except where sentencing has been deferred) is not encompassed by the phrase 'criminal prosecution', and, therefore, the constitutional right to counsel under Section 13 does not apply." John v. State, N.D., 160 N.W.2d 37 (1968).

We note that it has long been held in the lower federal courts that the right to counsel in criminal prosecutions does not apply to a hearing on revocation of probation. Welsh v. United States, 348 F.2d 885 (6th Cir. 1965); United States v. Huggins, 184 F.2d 866 (7th Cir. 1950); Gillespie v. Hunter, 159 F.2d 410 (10th Cir. 1947). On two occasions the United States Supreme Court, by denying certiorari, has allowed this position to remain unchallenged. Bennett v. United States, 158 F.2d 412 (8th Cir. 1947), cert. denied, 331 U.S. 822, 67 S.Ct. 1302, 91 L.Ed. 1838 (1947). In Brown v. Warden, United States Penitentiary, 351 F.2d 564 (7th Cir. 1965), cert. denied, 382 U.S. 1028, 86 S.Ct. 651, 15 L.Ed.2d 541, the Circuit Court (shortly before the decision of the United States Supreme Court in Mempha v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967)) distinguished the situation where the probationer has already been sentenced, saying:

"Thus it appears that under the Federal Probation Act as construed by the Supreme Court, the source and nature of the offender's rights and the issue before the court on hearing of revocation of probation differ from those on imposition of sentence in a criminal prosecution. It follows that an offender who has already been adjudged guilty and sentenced is not entitled to counsel as a matter of right under the Sixth Amendment of the Constitution of the United States or under Rule 44 of the Federal Rules of Criminal Procedure in the hearing on revocation wherein it is determined whether or not he has forfeited the privilege of conditional liberty. * * * Decisions concerned with the constitutional right to counsel of an accused at various stages of criminal prosecutions are not controlling."

Our statute which authorizes the use of the probation procedure in the discretion

of Judges and Justices provides that the presiding magistrate may follow one of two basic procedures: he may impose sentence on the Defendant, suspend the execution of the sentence and place the Defendant on probation or he may extend the privilege of probation without having imposed sentence in which latter case sentence would be imposed only if the probation was later revoked. 34 M.R.S.A. § 1631.

We consider that the distinction between the two procedures becomes significant in the light of the language of the United States Supreme Court in Mempha v. Rhay, supra. There the Defendant had been found guilty of a felony and placed on probation without the imposition of sentence. Later, after a hearing during which Defendant, then indigent, was refused appointment of counsel, the Court determined that the Defendant had violated the conditions of his probation and revoked the probation and sentenced the Defendant to a term in the State Penitentiary. On habeas corpus the United States Supreme Court set aside the revocation finding that the Petitioner's due process rights had been violated by the sentencing court's refusal to appoint counsel. The Court found that earlier cases (Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690; Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167; and Hamilton v. Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114) "stand for the proposition that appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected". The Court concluded that the sentencing process is a critical stage of a criminal proceeding, especially under procedures of the State of Washington where a plea of guilty may be withdrawn at any time before sentence and where an appeal following a plea of guilty and probation can be taken only after revocation and sentence.

We consider the holding in *Mempha* limited to requiring appointment of counsel for indigents in hearings on revocation of probation only in cases where sentence remains to be imposed. State ex rel. Riffle v. Thorn, W.Va., 168 S.E.2d 810 (1969); Rose v. Haskins, 388 F.2d 91 (6th Cir. 1968); Holder v. United States, D.C., 285 F.Supp. 380 (1968); Sammons v. United States, D.C., 285 F.Supp. 100 (1968); Williams v. Patterson (10th Cir. 1968) 389 F.2d 374; John v. State, supra; United States v. Hartsell, D.C., 277 F.Supp. 993 (1967). Here, sentence had already been imposed before Petitioner was placed on probation. We find no denial of his constitutional rights.

Although the decision as to revocation lies in the discretion of the Presiding Judge, it must not be the result of whim or caprice. It is not alleged that such was the case here.

Petition denied. Writ denied.

DUFRESNE, J., did not sit.