# WAYNE JOHN DUGAS *v.* STATE OF MARYLAND

[No. 501, September Term, 1970.]

*Decided June 3, 1971.*

The cause was argued before MURPHY, C. J., and MOYLAN and POWERS, JJ.

*George N. Manis* for appellant.

*Clarence W. Sharp, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Julian B. Stevens, State's Attorney for Anne Arundel County,*

and *Frank R. Weathersbee, Assistant State's Attorney for Anne Arundel County,* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

Wayne John Dugas was convicted on March 7, 1968 in the Circuit Court for Anne Arundel County on three indictments involving narcotics. A total sentence of three years was imposed, but suspended and appellant was placed on probation for two years, including a provision that he remain in a private hospital. Subsequent to his release from that institution, he had several contacts with the Parole and Probation Department prior to the Department's losing touch with him early in June 1969. Based upon this and other difficulties, a bench warrant was issued for Dugas. Later developments revealed that he had been arrested for possession of marijuana on Assateague Island in June 1969. He was committed to Crownsville State Hospital for evaluation, where he remained for a period, and on April 1, 1970, in the Circuit Court for Worcester County, he was given probation without a verdict for three years, conditioned upon his remaining under some form of Crownsville care. Dugas returned to the Annapolis area and worked until arrested on a warrant. A hearing on the question of violation of probation was held on April 30, 1970 before Judge Sachse, who found appellant had violated the terms of his probation and ordered execution of the original sentence. Dugas appeals, contending primarily that he was denied a constitutional right of counsel at his probation violation hearing, and also complaining that he was not guilty of the violation of the terms of probation, as confinement at the private hospital was the only term imposed. This latter contention may be quickly disposed of, as it is clear that Dugas was also subject to all of the standard terms and conditions of probation, as evidenced by his signature on the standard form, to which the hospital condition was added, and by the transcript of the proceedings at the time sentence was suspended and probation

granted. Judge Sachse made abundantly clear that Dugas was to be subject to the usual terms, including, maintenance of good moral conduct, maintenance of gainful employment, obtaining permission of his probation officer for changing residence, and reporting to the probation officer when directed. The testimony at the hearing indicated violations of these provisions.

Appellant's argument concerning the right of counsel at a hearing on revocation of probation is answered in the detailed consideration of the subject by this court in *Knight v. State,* 7 Md. App. 313, 255 A. 2d 441. In *Knight* we held that the probationer need not be afforded counsel, regardless of indigency. We distinguished the case of *Mempa v. Rhay,* 389 U. S. 128, as applying only when the *imposition* of sentence is conditionally suspended. Appellant seeks to have us change the rule, in light of the decision by the U. S. Court of Appeals for the Fourth Circuit in *Hewett & Cassada v. North Carolina,* 415 F. 2d 1316, which held that counsel is required under these circumstances, though the court recognized that many federal courts have followed the more limited rule such as found in *Knight,* and that the *Hewett* decision is in fact a minority view. We have considered the question, and although a decision of the Fourth Circuit is entitled to respect, it is not binding upon us. *Bartholomey v. State,* 260 Md. 504, 521, 273 A. 2d 164 (1971) and we decline to overrule *Knight.* See also *United States ex rel. Lawrence v. Woods,* 432 F. 2d 1072 (1970).

*Judgment affirmed.*