■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL D. COMPTON, Appellant.— Judgment insofar as it imposes sentence unanimously reversed and matter remitted to Erie Supreme Court for further proceedings in accordance with the following memorandum: Defendant was adjudicated a youthful offender on September 22, 1970 and sentenced to probation for a term of five years. On June 21, 1971 he was again adjudicated a youthful offender and placed on probation. An information was then filed by the Probation Department charging that the second adjudication as a youthful offender violated the terms and conditions of defendant's probation on the first youthful offender adjudication. A hearing was held, and the court upon receiving proof that defendant had pleaded guilty to being a youthful offender, revoked his probation, and sentenced him to the custody of the Department of Correction for placement in a reformatory. The commission of a crime is sufficient grounds for the revocation of probation. (*People* v. *Moffre,* 34 A D 2d 703.) While an adjudication as a youthful offender is not a conviction, a plea of guilty constitutes an admission that a defendant committed an act which would be a crime if committed by an adult. (*People* v. *Dwight S.,* 29 N Y 2d 172.) However, no proof was taken as to the underlying act that defendant was charged with committing. A new hearing should be held at which proof should be taken to determine whether defendant committed any act which violated the terms and conditions of his probation and justified its revocation. (Appeal from judgment of Supreme Court, Erie County revoking probation.) Present — Del Vecchio, J. P., Witmer, Gabrielli, Moule and Henry, JJ.