STATE OF CONNECTICUT *v.* JASPER ROBERSON

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued April 3—decided June 5, 1973

*John R. Williams,* special public defender, for the appellant (defendant).

*Jerrold H. Barnett,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *John T. Redway,* assistant state's attorney, for the appellee (state).

House, C. J. This is an appeal from an order of the Superior Court revoking the suspension of a sentence imposed on the defendant. The sole assignment of error is that the court erred in concluding that the defendant violated the terms of his probation on being convicted of a crime.

The court's finding of facts is not disputed. In December, 1969, the defendant was found guilty of possession or control of heroin. On January 9, 1970, a sentence was imposed of not less than two nor

more than five years in the state prison, execution of the sentence was suspended and the defendant was placed on probation for three years. On June 30, 1971, while he was on probation, he was found guilty of the crime of robbery, and on October 1, 1971, he was found guilty of still another crime, robbery with violence. At the time of the hearing concerning the revocation of his probation, the judgment on the June, 1971, conviction had been appealed and the judgment on the October 1, 1971, conviction, according to the defendant's counsel, probably would be appealed.

The hearing concerning the violation of probation was held on October 8, 1971. The defendant was present and was represented by his present counsel as a special public defender; also present at the hearing were an assistant state's attorney and an official of the department of adult probation. The probation department's report concerning the defendant was admitted as an exhibit and both the defendant and his counsel examined it. The report, entitled "Report of Violation," recited that the defendant had been placed on probation on January 9, 1970, and that on January 18 he was arrested on two counts of robbery with violence for an offense which had taken place on January 13—four days after the defendant had been placed on probation. The report then recited the details of the January 13, 1970, robbery offense, that the defendant was convicted of that crime on a jury trial and on July 9, 1971, was sentenced to state prison for a term of not less than two or more than four years. It also noted that there was then pending against the defendant still another charge of robbery with violence. Asked by the court if he agreed with the contents of

the probation report, the defendant said, "Yes." The hearing afforded the defendant ample opportunity to explain or disclaim the reported violations of probation, but he personally expressed his agreement with the report of his conduct and convictions and offered nothing by way of explanation or disclaimer except that the convictions were subject to appeal. The court also took judicial notice of the files in the defendant's cases. It revoked probation and ordered that the January 9, 1970, sentence be executed. The court concluded that "[t]he defendant has violated the terms of his probation included in the sentence imposed on January 9, 1970, upon being convicted of a crime."

The defendant claims that the court's conclusion cannot support the order of revocation for two reasons. One is that the judgment originally granting probation constituted an illegal delegation of judicial authority. That judgment provided, in pertinent part, that the defendant was to be "placed in charge of the Probation Officer of the Superior Court for New Haven County for the term of three years, and further ordered that said prisoner report to said Probation Officer as required by said officer and in all respects comply with said officer's orders in accordance with the rules relating to probation officers."

There is authority that, in the absence of statute or under the provisions of statutes different from those of this state, the terms of probation, to be valid, must be expressly enunciated by the sentencing court.[1] See, e.g., *In re Collyar*, 476 P.2d 354,

---

[1] The present statutory provisions, not in effect at the time the defendant was placed on probation, expressly allow either the judge or the probation department, or both, to impose reasonable conditions. See General Statutes § 53a-30.

357 (Okla. Crim. App.). Here, however, the sentencing court incorporated the probation department's standard terms by virtue of the last clause of its order. "Standard probation conditions need not be recited in open court." *United States* v. *Markovich,* 348 F.2d 238, 240 (2d Cir.); see also *Manning* v. *United States,* 161 F.2d 827 (5th Cir.), cert. denied, 332 U.S. 792, 68 S. Ct. 102, 92 L. Ed. 374; *Whitehead* v. *United States,* 155 F.2d 460, 462 (6th Cir.), cert. denied, 329 U.S. 747, 67 S. Ct. 66, 91 L. Ed. 644; *Dugas* v. *State,* 12 Md. App. 165, 166, 277 A.2d 620. Furthermore, there is no claim here that the defendant was not aware that commission of a crime would render his probation subject to revocation.

It is universally held that the commission of a felony violates a condition inherent in every probation order. See *United States* v. *Markovich,* supra; *Whitehead* v. *United States,* supra; *State* v. *Oliver,* 247 A.2d 122, 124 (Me.); *People* v. *Compton,* 38 App. Div. 2d 788, 328 N.Y.S.2d 72; *State* v. *Hall,* 4 Ore. App. 28, 476 P.2d 930; *Marshall* v. *Commonwealth,* 202 Va. 217, 219–20, 116 S.E.2d 270. The history of this state's statute, which shows that statutory conditions of probation have, over the years, been added and deleted, in no way affects the validity of the inherent condition to refrain from committing felonies. Had the sentencing court in this case merely placed the defendant on probation and said no more, commission of a felony would nevertheless constitute a violation sufficient to authorize revocation of probation.

Another contention of the defendant is that "being convicted of a crime" is not by itself a sufficient

ground for revocation of probation in the absence of an express finding by the revoking court that the defendant actually committed the crime of which he has already been convicted and that the crime was committed while the defendant was on probation. He relies on the fact that the court did not make an express finding that the defendant did the acts which led to his conviction but only found that the defendant "has violated the terms of his probation . . . upon being convicted of a crime." The ardor with which this contention has been pressed is in strong contrast to its lack of merit. As we have already noted, the defendant agreed with the contents of the violation report of the probation department. That report, whose contents were expressly made a part of the court's finding, recited the facts leading to the defendant's arrest and conviction for robbery, the fact and the date of the conviction and that the incident occurred on January 13, 1970, four days after the defendant was placed on probation. The report itself recites and simple logic demonstrates that the conviction relied on by the court occurred, and was premised on behavior that could only have occurred, while the defendant was actually on probation. The defendant admitted as much at the hearing.

The defendant's final argument is that a finding of conviction of a crime, at least where an appeal from the conviction is pending, is not a sufficient ground for revocation of probation. Some jurisdictions apparently do require an independent inquiry into the conduct underlying a conviction which is subject to appeal, although in those jurisdictions the burden of proof of the conduct is much less than "beyond a reasonable doubt" and the strict criminal

evidentiary rules do not apply. See, e.g., *People* v. *Compton,* supra; *Jansson* v. *State,* 473 S.W.2d 40, 42[2] (Tex. Crim. App.); Bassett, "Discretionary Power and Procedural Rights in the Granting and Revoking of Probation," 60 J. Crim. L.C. & P.S. 479, 485.

The vast majority of jurisdictions, however, hold that a finding of either conviction, whether or not final, or commission of the act, is sufficient to support an order of revocation. See, e.g., *United States* v. *Carrion,* 457 F.2d 808, 809 (9th Cir.); *United States* v. *Knight,* 413 F.2d 445 (5th Cir.), cert. denied, 396 U.S. 903, 90 S. Ct. 217, 24 L. Ed. 2d 179; *United States* v. *Markovich,* supra; *People* v. *Lynn,* 271 Cal. App. 2d 670, 674, 76 Cal. Rptr. 801; *State ex rel. Roberts* v. *Cochran,* 140 So. 2d 597, 599–600 (Fla.); *People* v. *Johnson,* 121 Ill. App. 2d 97, 257 N.E.2d 121, 124; *State* v. *Ward,* 182 Neb. 370, 154 N.W.2d 758; *State* v. *Hill,* 266 N.C. 107, 111, 145 S.E.2d 349; *State* v. *Hall,* supra. Generally, the distinction arises where the conviction is reversed on appeal. If revocation is based on a finding of conduct, then a reversal of a conviction resulting from the conduct ordinarily does not affect the revocation; but if conviction is the sole ground for revocation and the conviction is reversed, then the basis for the revocation no longer exists. *People* v. *Lynn,* supra, 803; *State ex rel. Roberts* v. *Cochran,* supra, 600; *State* v. *Hill,* supra, 352; *State* v. *Blackwelder,* 263 N.C. 96, 98, 138 S.E.2d 787; note, 59 Colum. L. Rev. 311, 332–33.

---

[2] Even in Texas, however, an admitted conviction may constitute a valid sole ground for revocation. *Rosemond* v. *State,* 482 S.W.2d 871, 872 (Tex. Crim. App.).

There are several cogent reasons for allowing proof of conviction alone to sustain revocation.[3] In this state a probationer is afforded a hearing with respect to revocation. General Statutes § 53a-33. This was also true before the adoption of the Penal Code which became effective October 1, 1971. See former § 54-114, since repealed. If the probationer should not be the person referred to in the conviction, for example, he has an opportunity for explanation. See also *Morrissey* v. *Brewer,* 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484, which concerns the related area of parole revocation. Since the standard of proof for revocation is substantially lower than that for conviction (General Statutes § 53a-32 [b]); a conviction is deemed to constitute such overwhelming evidence of commission that the terms functionally are interchangeable in this context. See, e.g., *State* v. *Zachowski,* 53 N.J. Super. 431, 437, 147 A.2d 584. If the conviction should be reversed on appeal, the probationer is protected in that revocation based on conviction alone will be withdrawn if the conviction is successfully appealed.

The standard of review of an order revoking probation is whether the trial court abused its discretion; if it appears that the trial court was reasonably satisfied that the terms of probation had been violated and, impliedly, that the beneficial purposes of probation were no longer being served, then the order must stand. *United States* v. *Carrion,* supra;

---

[3] The United States Supreme Court recently stated in the context of parole revocation that "[o]bviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime." *Morrissey* v. *Brewer,* 408 U.S. 471, 490, 92 S. Ct. 2593, 33 L. Ed. 2d 484.

*United States* v. *D'Amato,* 429 F.2d 1284, 1286 (3d Cir.); *United States* v. *Nagelberg,* 413 F.2d 708, 710 (2d Cir.), cert. denied, 396 U.S. 1010, 90 S. Ct. 569, 24 L. Ed. 2d 502; *United States* v. *Markovich,* 348 F.2d 238, 241 (2d Cir.); *State* v. *Spicer,* 3 Ore. App. 80, 471 P.2d 865; *Tillinghast* v. *Howard,* 109 R.I. 497, 501, 287 A.2d 749. Here the defendant, afforded a hearing and represented by counsel, admitted having been convicted of a felony and the admitted evidence showed that the underlying act was committed by the defendant while on probation. The trial court acted well within its discretion in revoking probation.

The state has suggested that an order revoking probation is not a final judgment for the purposes of appeal and notes a decision of the Appellate Division of the Circuit Court which held, in the circumstances of that case, that the order was not appealable. See *State* v. *Saavedra,* 5 Conn. Cir. Ct. 367, 372, 253 A.2d 677. "In a criminal case the imposition of sentence is the judgment of the court." *State* v. *Moore,* 158 Conn. 461, 463, 262 A.2d 166; *State* v. *Smith,* 149 Conn. 487, 489, 181 A.2d 446. In the days when probation was considered as purely a matter of grace, its revocation logically was considered to be a matter almost entirely within the discretion of the court. A defendant could appeal only from the original sentence; the revocation of probation, if it was to be attacked at all, could be attacked only by habeas corpus proceedings. See, e.g., *Belden* v. *Hugo,* 88 Conn. 500, 91 A. 369.

Under our present day procedure, a revocation of probation and an order for execution of sentence may be ordered only after a full hearing at which the defendant is afforded his rights to counsel, to

cross-examine witnesses and to present evidence in his own behalf. General Statutes § 53a-32; see *Mempa* v. *Rhay,* 389 U.S. 128, 88 S. Ct. 254, 19 L. Ed. 2d 336. The inquiry preceding a revocation of probation concerns matters totally independent of the original conviction, the decision of the court marks the final disposition of a judicial proceeding authorized by statute and it is, in effect, a final modification of the sentence which is the judgment of the court in the proceedings against the defendant. We conclude that the order revoking probation and implementing the sentence of confinement with its consequent deprivation of the defendant's liberty meets the test of a final judgment as prescribed in § 52-263 of the General Statutes. "A final judgment is the adjudication which finally disposes of the case before the court." *State* v. *Moore,* supra; and, as this court stated in *Howarth* v. *Northcott,* 152 Conn. 460, 462, 208 A.2d 540: "The test of a final judgment lies, not in the nature of the ruling, but in its effect in concluding the rights of the party appealing; if his rights are concluded so that further proceedings after the ruling cannot affect them, there is a final judgment."

There is no error.

In this opinion the other judges concurred.