STATE OF NEBRASKA, APPELLEE, V. DAVID PARKER, APPEL-
LANT.

214 N. W. 2d 630

Filed February 7, 1974. No. 39040.

Frank B. Morrison, Sr., and Stanley A. Krieger, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before SPENCER, SMITH, and NEWTON, JJ., and ZEILINGER and BURKE, District Judges.

BURKE, District Judge.

On the 20th day of September 1972, the defendant, David Parker, pleaded guilty to the charge of auto theft. A presentence investigation was ordered.

On the 25th day of October 1972, the trial judge placed the defendant on probation to the adult probation officer for a period of 2 years.

As a result of defendant's arrest on December 8, 1972, the county attorney filed an information charging the defendant with violating the terms of his probation by receiving or concealing an automobile, knowing the same to have been stolen, with the intent to defraud the owner.

On February 20, 1973, a revocation hearing was held. At the conclusion of the hearing the judge found that the defendant had violated the terms of probation and revoked the order of probation. The defendant was represented by counsel at all stages of the proceedings.

The defendant, in this appeal, contends that there was insufficient evidence produced at the revocation hearing to support the finding of the judge that he had violated the terms of the order of probation entered approximately 2 months prior to the hearing.

The county attorney produced the following uncontroverted evidence by sworn testimony:

On December 6, 1972, the owner of a 1970 white over green Chevrolet pickup truck, bearing Douglas County license plates, parked the vehicle in the parking lot of the West "Q" Bar; and the keys were left in the vehicle and the registration certificate was kept on top of the left sun visor. When the owner returned to the parking lot approximately 1 hour later, the vehicle was gone and he notified the police immediately.

On December 8, 1972, officer Charles Martinez of the Omaha police department was driving his cruiser in the vicinity of 17th and Vinton Streets when he observed the defendant, whom he knew, driving a white

over green pickup truck bearing Burt County license plates. The officer stopped the vehicle, obtained the keys from the defendant, and started the vehicle in the presence of another police officer.

The police officer then ascertained the serial number of the vehicle, called the police station to determine if the vehicle had been stolen, and, thereafter, had the vehicle towed to the police tow lot.

The defendant was arrested and transported to the auto theft division of the police department. The officer turned the keys to the vehicle into the property room at the police station.

The following day the owner of the vehicle was advised by the police that his vehicle was at the tow lot. He took a tow ticket to the tow lot where he was directed to his vehicle. He identified the vehicle but noted, among other things, that the vehicle carried Burt County license plates and the mirrors and seat covers were missing.

The owner started the vehicle with a second set of keys and drove to the police station where he was given his keys and registration certificate.

Counsel for defendant apparently seek to equate the revocation hearing to a criminal prosecution with the required proof reaching near serial number certainty. We do not agree.

In Phoenix v. State, 162 Neb. 669, 77 N. W. 2d 237, we held that the accused is entitled to a fair and impartial hearing, but not to a formal trial or trial by jury, nor must the violation of probation be proved beyond a reasonable doubt.

The violation of the order of probation must be established by clear and convincing evidence. See § 29-2267, R. S. Supp., 1972.

At the revocation hearing the county attorney met the quality of proof required. The judgment of the

District Court is correct and is affirmed.

AFFIRMED.

SMITH, J., not participating.